## James Bond *vs.* Joseph Chapin.

Where one prosecutes a suit against another, in the name of a third person, without authority so to do, he is liable to the person so sued, though he was not actuated by malice in commencing and prosecuting such suit.

This case came before the court on the following bill of exceptions, signed by the judge before whom a trial was had in the court of common pleas:

" This is an action on the case for damages for the wrongful and injurious commencement and prosecution, by the defendant, of an action in the name of one Thomas Bond, against the now plaintiff, without probable cause, and without authority so to do. The declaration is in the case, and may be referred to. The evidence was submitted to the jury, with instructions from the court, that in order to entitle the plaintiff to a verdict, he must prove the former action to have been commenced and prosecuted maliciously, that is to say, with some improper motive, or without due care to ascertain his rights, as well as without authority and without probable cause. The jury returned a verdict for the defendant, and the plaintiff, feeling himself aggrieved by the instructions aforesaid, files his exceptions thereto," &c

·*Brooks*, for the plaintiff. If the defendant had no authority to bring the suit against the plaintiff, he is liable without malice *Adams* v. *Paige*, 7 Pick. 550. *Barden* v. *Crocker*, 10 Pick 390. *Marzetti* v. *Williams*, 1 Barn. & Adolph. 415. Com. Dig. Action upon the Case, A.

*Davis*, for the defendant. Where one fails in a suit brought in his own name, he is not liable to the defendant, unless his suit were malicious and without probable cause. *Stone* v. *Crocker*, 24 Pick. 83. *Wills* v. *Noyes*, 12 Pick. 326. For a merely groundless action, costs are the defendant's only legal remedy. And in the case at bar, the action will not lie, unless the plaintiff shows that he did not obtain his taxable costs in the action brought against him by the defendant. See *Pierce* v. *Thompson*, 6 Pick. 193. *Blunt* v. *Little*, 3 Mason, 104.

HUBBARD, J. From the remarks of the counsel for the defendant, it would seem that some mistake may have taken place in drawing up the exceptions. In cases where the counsel believe that a mistake has been made in stating the exceptions, it is their duty to apply to the judge to revise the statement, so that if an error has been committed, it may be corrected. But where no such application has been made, and no correction has taken place, the court cannot receive the mere recollections of counsel, as to alleged mistakes, but must decide the cause upon the exceptions as they appear of record.

In the present suit, which is an action on the case against the defendant for prosecuting a suit in the name of Thomas Bond against the plaintiff, the plaintiff avers, in his declaration, (which accompanies the exceptions,) that the defendant, without authority from said Thomas, and having no reasonable ground for believing that any thing was due from the plaintiff to him, attached the plaintiff's property, and prosecuted said suit against him, from November term 1840 to November term 1841, when he became nonsuit; and evidence was offered tending to prove these allegations. The instructions to the jury were, that " the plaintiff must prove the former action to have been commenced and prosecuted maliciously, that is to say, with some improper motive, or without due care to ascertain his rights, as well as

without authority, and without probable cause." The erroi complained of may have arisen from not distinguishing, during the trial, between an action on the case for malicious prosecution, and an action on the case for prosecuting a suit in the name of a third person, without authority, by reason of which the defendant sustains injury.

In a suit for malicious prosecution, the gist of the action is malice ; but there must also exist the want of probable cause. And without the proof of both facts, the action cannot be maintained, though the existence of malice may often be inferred from the want of probable cause. But in an action on the case for damages for prosecuting a suit against the plaintiff without authority, in the name of a third person, the gist of the action is not a want of probable cause ; for there may be a good cause of action ; but for the improper liberty of using the name of another person in prosecuting a suit, by which the defendant in the action is injured. Nor is the proof of malice essential to the maintenance of such action. If the party supposes he has authority to commence a suit, when in fact he has none, and the nominal plaintiff does not adopt it, the action fails for want of such authority. In such case, though the party supposed he had authority, and acted upon that supposition, without malice, still if the defendant suffers injury by reason of the prosecution of the unauthorized suit against him, he may maintain an action for the actual damages sustained by him, in the loss of time, and for money paid to procure the discontinuance of the suit, but nothing more. Where, however, in addition to a want of authority, the suit commenced was altogether groundless, and was prosecuted with malicious motives — which may be inferred from there existing no right of action, as well as proved in other ways — then, in addition to the actual loss of time and money, the party may recover damages for the injury inflicted on his feelings and reputation.

In this case, the learned judge having instructed the jury tnat a want of probable cause and malice must concur with the want of authority to commence the suit in the name of a third person, to enable the plaintiff to maintain the action ; we think

there was error in the instruction, and that though the damages might be enhanced by showing malice and a want of probable cause, yet that the proof of them is not essential to the maintenance of the action.                    *New trial granted.*