## Timothy H. Smith *vs.* James Hyndman & another.

In an action for commencing a suit against the plaintiff without authority, evidence of express malice on the part of the defendant towards the plaintiff, although not necessary, is still competent.

If the plaintiff in such action disclaims any special damages for injury to his character, the defendant cannot attack such character, either to rebut the evidence of malice, or in mitigation of damages.

In this case, which was argued by *I. J. Austin* for the defendants and in which there was no appearance for the plaintiff, the whole facts sufficiently appear in the opinion given by

Bigelow, J.   This was an action on the case, in the nature of an action for a conspiracy, in which the defendants were charged with causing the plaintiff to be arrested and imprisoned on the suit of one James Taylor, upon a writ sued out maliciously, in the name of said Taylor without his authority or consent.   At the trial, the plaintiff offered evidence to show, that at various times before and about the time of the institution of the suit against him, the defendants had " entertained and expressed feelings of hostility and ill-will to the plaintiff, and by their language, had shown evidence of personal malice towards him."   This testimony was objected to by the defendants, and having been admitted by the court, we are now called on to decide upon its competency.

It is undoubtedly true, that an action for arresting and imprisoning a person, without authority from the party in whose favor the action is brought, may well be maintained without proof that the defendant was actuated by malice.   The gist of the action in such cases is not malice, but the want of authority.   It has, therefore, been held, that though a party supposed he had authority, and acted upon that supposition. still, if the defendant suffers injury from the prosecution of the unauthorized suit against him, he may maintain an action for his actual damages, but for nothing more.   And this constitutes the distinction between an action for commencing a suit without authority and an ordinary action for malicious prosecution.   The former will lie, upon proof of want of authority alone, in the absence of malice, and even when a good

cause of action existed, for the amount of damages actually incurred; but the latter cannot be maintained, unless there is proof of malice and want of probable cause. This was settled in *Bond* v. *Chapin,* 8 Met. 31. But it by no means follows, that evidence of actual malice is incompetent in an action for commencing and prosecuting a suit without authority. To exclude such evidence, would be equivalent to saying, that an act done innocently and without evil design, inflicted no greater injury upon a party, than the same act committed wickedly and with a deliberate purpose to insult and degrade him. Many acts derive their character from the temper, spirit, and motive with which they are done. It is these which give to them their force and significance, and render them harmless or injurious, according as the intention with which they were done was innocent or malicious. A man who wounds another by carelessness, does much less injury, and would be liable to a very different measure of damage from one, who wilfully inflicted the same, or even a smaller wound purposely, and with a design to disgrace the person whom he attacked. In all such cases, it is not merely the act which constitutes the injury and forms the proper subject and basis of damage, but it is also the evil intent and motive with which it is done, that wound the feelings and injure the reputation, and form a just, and in some cases the material ground, upon which damages can be properly claimed and given. In this view, we think the evidence of express malice, on the part of the defendants towards the plaintiff, was properly admitted. It served to show that the defendants intended by their acts to injure the feelings of the plaintiff, and to subject him to degradation and contumely by arrest and imprisonment, and thus it constituted an essential part of the injury itself, for which damages might properly be awarded. This is the rule substantially recognized in *Bond* v. *Chapin,* 8 Met. 31.

The objection of the defendants to the exclusion of evidence offered by them, to show the general bad character of the plaintiff as a physician and citizen, cannot prevail. In the first place, the case finds that the plaintiff gave distinct

notice at the trial, that he should claim no damages for special injury to his character as a physician and citizen, by reason of the suit alleged to have been instituted against him by the defendants, and should offer no evidence for that purpose. This disclaimer was certainly sufficient to take out of the case all special injury to the plaintiff's character, as a ground of damage, and to render the evidence offered by the defendants on the point, wholly irrelevant in mitigation of damages. Nor was it admissible for any other purpose. Vindication of character was not the object of the suit, and therefore evidence in relation to it was immaterial. It is only competent in actions of slander, seduction, and the like, where character is necessarily involved in the nature of the action. 2 Greenl. Ev. § 269. It is sometimes admitted in actions for malicious prosecution, where the question of probable cause arises, for the purpose of showing the character of the plaintiff to have been so notoriously bad, that a cautious and reasonable man might more readily believe him guilty of the crime with which he was charged. But the case at bar does not fall within this principle. The question of probable cause was not at issue. The case was tried wholly upon the question of authority to commence and prosecute the original suit.

It was urged by the defendants that the plaintiff had rendered evidence of his bad character as a physician competent by allegations in his writ. But upon recurring to the declaration, we do not find any thing to sustain this position. He only alleges that the charge of unskilfulness and incompetency in the particular case of his treatment of Taylor, the plaintiff, as alleged in the original suit, brought against him by the procurement of the defendants, was false. This might have made it competent for the defendants to show that in this particular instance, he was ignorant and unskilful, but did not open to them the right to go into evidence of his general character as a physician. In every view, therefore, the evidence was inadmissible. *Judgment on the verdict.*