Joseph H. Dawson, Appellant, v. N. C. Ellis et al., Appellees.

LANDLORD AND TENANT—*when purchaser of crops protected; when not.* A *bona fide* purchaser for valuable consideration, of crops grown on rented premises, without notice either actual or constructive that such crops were grown upon rented premises, is not liable in an action by the landlord to recover the value of such crops so purchased.

Action in case. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

ART W. LUX and W. K. WHITFIELD, for appellant.

HARBAUGH & THOMPSON, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On or about October 1, 1907, William Butts, a tenant of the appellant, Joseph H. Dawson, sold to appellees 3094 pounds of broom corn for the sum of $188.14, which broom corn was raised by Butts on premises leased from appellant and for which he had agreed to pay appellant a cash rent of $433. The purchase price of the broom corn was paid to Butts and thereafter appellant brought his action in case against appellees to recover the same. Upon a trial by jury there was a verdict in favor of appellees and judgment against appellant for costs.

There is serious conflict in the evidence upon the issue as to whether or not any rent was actually due from Butts to appellant, and if that had been the sole issue of fact in the case we should not be disposed to set aside the verdict for any error of law bearing upon such issue, or because the verdict thereon was against the clear preponderance of the evidence.

It is not controverted that appellee had notice of the fact that the broom corn purchased by them was grown by Butts upon leased premises for which he was obliged to pay cash rent, but there is some conflict in the evidence as to whether or not appellees knew that appellant was the landlord of Butts or that any rent remained unpaid. A *bona fide* purchaser for valuable consideration, of crops grown on rented premises, without notice either actual or constructive that such crops were grown upon rented premises, is not liable in an action by the landlord to recover the

value of such crops so purchased. Finney v. Harding, 136 Ill. 576. Where, however, the purchaser has such notice the action in case for the tort is the appropriate remedy. Watt v. Scofield, 76 Ill. 261. A most comprehensive definition of a tort has been formulated by Sir Frederick Pollock, as follows: "Tort is an act or omission (not being merely the breach of duty arising out of a personal relation or undertaken by contract) which is related to harm suffered by a determinate person in one of the following ways: (a) It may be an act which, without lawful justification or excuse, is intended by the agent to cause harm, and does cause the harm complained of. (b) It may be an act in itself contrary to law, or an omission of specific legal duty, which causes harm not intended by the person so acting or omitting. (c) It may be an act or omission causing harm which the person so acting or omitting did not intend to cause, but might and should with due diligence have foreseen and prevented. (d) It may, in special cases, consist merely in not avoiding or preventing harm which the party was bound absolutely, or within limits, to avoid or prevent." In Gindele v. Corrigan, 129 Ill. 582, a tort is defined "to be an injury or wrong committed, with or without force, to the person or property of another, and such injury may arise by either nonfeasance, malfeasance or misfeasance of the wrongdoer." Actual fraud or intent to inflict the injury occasioned by the wrongful act is not necessary to constitute a tort. The actionable wrong may be purely a legal wrong unmixed with any element of fraud or intent on the part of the wrongdoer. In the case at bar the actionable wrong, if any, would be the purchase by appellees of the broom corn with notice, actual or constructive, that the vendor of such corn was a tenant of appellant obligated to pay cash rent for the premises and that such corn was grown upon such premises.

Several of the instructions given by the court at the instance of the appellees informed the jury that it was incumbent upon appellant to show by a preponderance of the evidence that appellees had purchased the corn with the fraudulent intent of depriving appellant of his lien thereon for the unpaid rent. In so charging the jury the trial court was in error, and as such error was manifestly prejudicial to appellant the judgment must be reversed and the cause remanded.

*Reversed and remanded.*