## LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA v. DUNER.
### No. 8198.

Circuit Court of Appeals, Seventh Circuit.

June 5, 1943.

Rehearing Denied July 1, 1943.

Charles W. Lamborn, Paul E. Collins, and Everett Lewy, all of Chicago, Ill., for appellant.

Alvin Landis and Maxwell Landis, both of Chicago, for appellee.

Before EVANS, MAJOR and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This action was brought by London and Lancashire Indemnity Company of America (plaintiff) against Joseph A. Duner (defendant), to recover damages occasioned by defendant's alleged wrongful prosecution of a suit in the name of C. T. C. Investment Company, an alleged corporation, against the instant plaintiff. Upon trial by the court, without a jury, a judgment, from whence this appeal comes, was awarded the defendant.

The suit, alleged to have been wrongfully brought against plaintiff, was commenced by defendant in the name of C. T. C. Investment Company in the Circuit Court of Cook County on December 5, 1938, and on motion of defendant, removed to the United States District Court. In said action, plaintiff sought to recover upon an alleged guarantee of defendant of payment of principal and interest on certain described bonds alleged to have been held by plaintiff. The complaint alleged that the plaintiff, C. T. C. Investment Company, was a corporation "organized and existing under and by virtue of the laws of the State of Illinois," and was verified by the affidavit of Joseph A. Duner, which stated "that he is the duly authorized agent of the plaintiff herein, C. T. C. Investment Company, a corporation; that he has read the foregoing complaint in law by him as such agent subscribed, that he knows the contents thereof, and that the same are true in substance and in fact." On August 22, 1939, plaintiff in said action filed an amended complaint in which the same allegations were made with respect to the organization and status of the corporation, which also was verified in the same form

and manner by Duner. Both the complaint and the amended complaint were signed "C. T. C. Investment Company, a corporation, by Joseph A. Duner, Pres." From a judgment dismissing this suit, Duner, on behalf of C. T. C. Investment Company, appealed to this court, and we affirmed the lower court's judgment of dismissal. C. T. C. Investment Company v. London & Lancashire Indemnity Company of America, 7 Cir., 116 F.2d 741.

The C. T. C. Investment Company, an Illinois corporation, was dissolved on May 20, 1933, by a final decree entered in the Superior Court of Cook County, Illinois. It will thus be noted that the suit, alleged to have been wrongfully brought by Duner, was commenced more than five years subsequent to this final decree of dissolution. The defendant in that case (plaintiff in the instant suit) did not become aware of the corporate dissolution until subsequent to the decision by this court.

In view of the purported findings of the court below, in connection with the course of the argument in this court, it seems important to determine the issues which were submitted for decision below. Plaintiff contends that by its complaint it sought recovery upon two grounds: (1) that the defendant Duner acted without authority in bringing and prosecuting the action in the name of a non-existent corporation, for which plaintiff was entitled to recover. compensatory damages; and (2) that the action was instigated and prosecuted by defendant with knowledge that the corporation had been dissolved, that he acted knowingly, wrongfully and wilfully in the prosecution of the suit, for which plaintiff was entitled to recover exemplary damages within the discretion of the court. We are of the view that these two grounds for recovery were sufficiently alleged in the complaint. Any doubt in this respect, however, is eliminated by plaintiff's brief submitted in opposition to defendant's motion to dismiss the complaint. The two grounds are specifically set forth therein, in connection with supporting authorities. Furthermore, the two theories of recovery were expressly stated in the proposed findings of fact and conclusions of law submitted after the case had been heard, with leave of, but rejected by the court.

We do not understand defendant to contend but that these two issues were presented for decision below; certainly he does not expressly make such contention.

However, a study of the record unmistakably discloses, as does defendant's brief in this court, that the cause was defended almost entirely upon the theory that defendant was without knowledge of the corporate dissolution.

■ This brings us to the findings of the court below, so heavily relied upon by defendant in support of judgment in his favor. We are not unmindful of the rule which requires us to accept such findings if substantially supported, but our difficulty arises from the uncertainty as to just what was found by the court. The pertinent and confusing finding upon which defendant relies is as follows: "That the plaintiff claims that the defendant, Joseph A. Duner, wrongfully, unlawfully and without any cause or authority whatsoever, instigated the commencement of and caused and procured to be filed and prosecuted said suit, without any authority, and that the said Joseph A. Duner knew at the time said suit was instituted and prosecuted that he had no authority to authorize the bringing or prosecution of said suit; and the Court finds that said allegations and claims of the plaintiff were not sustained by the evidence, and the Court further finds that the plaintiff has failed to sustain the allegations of the .Complaint." Construing this finding in its aspect most favorable to defendant, it appears to recognize the two grounds of recovery alleged in the complaint—(1) that the suit was prosecuted without authority and (2) that the defendant had knowledge that he was without such authority—and "that the plaintiff has failed to sustain the allegations in the complaint." With reference to the suit filed, on December 5, 1938 the court found "that the defendant, Joseph A. Duner, was the president of the said C. T. C. Investment Company at the time said suit was brought." These were the only findings pertinent to the questions raised on this appeal. The principle of law applied by the court in awarding judgment to defendant is even more obscure than its findings of fact. It merely concluded "that the defendant is entitled to a judgment in his favor on the ·issues set up by the complaint." We suppose that the court's conclusion is predicated upon the interpretation which we place upon the findings of fact, that is, that the defendant was president of the said C. T. C. Investment Company at the time said suit was brought, that the suit was not commenced

without authority, and that defendant was without knowledge of any lack of authority.

■ As already noted, the case was tried largely on the issue that the defendant had no knowledge of the corporate dissolution. The record furnishes convincing support for plaintiff's contention that he had such knowledge. A representative of the Reconstruction Finance Corporation, apparently a disinterested witness, testified definitely that in June 1937, eighteen months before the suit under discussion was brought, he was told by defendant that the C. T. C. Investment. Company had been dissolved. The testimony of this witness was strongly fortified by a memorandum made at the time of the conversation, placed in the files of the R. F. C., and produced at the instant hearing. The testimony of this witness was denied by the defendant. Some time previous to the filing of the amended complaint in which defendant for a second time reiterated that the C. T. C. Investment Company was a corporation "existing under the laws of the State of Illinois," a suit had been filed against the Investment Company and others, by the Reconstruction Finance Corporation. For the purpose of securing a dismissal of that suit, an affidavit dated July 29, 1939 was executed by Duner, stating that C. T. C. Investment Company had been dissolved on May 20, 1933. On the strength of this affidavit, a dismissal was obtained as to the defendant corporation, which judgment of dismissal was appealed to and affirmed by this court. Reconstruction Finance Corp. v. Teter, 7 Cir., 117 F. 2d 716. Defendant Duner, a business man of wide experience who had served as vice president of two or three large banks, sought to overcome his positive statement contained in this affidavit by testifying it was prepared by his attorneys and that he signed and swore to it without reading it, and, therefore, had no knowledge of its contents. There was other testimony which strongly indicated Duner's knowledge that the corporation had been dissolved. In fact, it appears that his knowledge or lack of knowledge was dependent on which would better serve his purpose. There appears no reason, however, to further labor this feature of the case, for the reason that we cannot say that Duner's denial of knowledge furnished no substantial support for the court's finding in this respect. This is so, notwithstanding the record points rather convincingly to the contrary.

■■ With this finding that defendant was without knowledge of the corporate dissolution, which we accept, there is eliminated from our consideration plaintiff's claim to recovery based on that theory of its case. However, we are unable to accept the finding that Duner was president of the corporation at the time the suit was brought or that he had authority to bring such suit. The corporation had been legally dissolved more than five years prior to the time the suit was commenced, and obviously it could not have a president, and neither Duner nor anyone else had authority to commence an action in its name. This court considered and decided this question in Reconstruction Finance Corporation v. Teter, supra. After reviewing the pertinent sections of the Illinois Corporation Act, the court on page 725 of 117 F.2d said: ."By virtue of the sections just quoted, as construed by the Illinois decisions, neither of these corporations (one of which was C. T. C. Investment Company) had any capacity to sue, or be sued, nor to collect by suit or otherwise, any debt, or alleged debt, due it after May 20, 1935, the date of dissolution being May 20, 1933. (Citing cases.)"

So the sole issue for our consideration is whether defendant is liable to plaintiff for compensatory damages for commencing and prosecuting a suit in the name of a corporation which had been legally dissolved more than five years prior thereto. On this issue, we are of the view that defendant's argument that he at one time was president of the corporation and authorized to bring a suit in its name (this was before dissolution) is immaterial. His past relations with the corporation perhaps would be pertinent on the issue which we have eliminated, that is, the action based upon defendant's wilful conduct.

We are surprised at the dearth of authorities on the question for decision. While a few cases are in point, there are none from Illinois. The nearest perhaps is that of Philpot et al. v. Taylor, 75 Ill. 309, 20 Am.Rep. 241, wherein it is stated in a headnote: "Where a party, falsely pretending to be the agent of the owner of land to sell the same, executes a contract for its sale, which is recorded, and upon which the purchaser brings suit for a specific performance, whereby the owner is put to trouble and expense in defending

the same, such pretended agent will be liable to the owner in an action on the case for the damages sustained by him in defending the suit."

■■ The courts have, of course, had occasion to discuss and define various tortious acts giving rise to a cause of action. For instance, in Dawson v. Ellis, 151 Ill. App. 92, 94, it is stated: "It may be an act or omission causing harm which the person so acting or omitting did not intend to cause, but might and should with due diligence have seen and prevented. * * * Actual fraud or intent to inflict the injury occasioned by the wrongful act is not necessary to constitute a tort. The actionable wrong may be purely a legal wrong unmixed with any element of fraud or intent on the part of the wrongdoer."

It would appear that this general principle of law is applicable in the instant situation. We think it is certain that the commencement of a suit in the name of a corporation, the legal existence of which has long been extinguished, is a wrong just as much as the commencement of a suit in the name of a person who has long been deceased. It is equally certain that a party defendant to such action is bound to suffer damage at least to the extent of the costs and expenses incurred in the defense of such wrongful action.

In 62 C.J. 1149, Sec. 58, it is said: "A tort may arise from the unauthorized prosecution of a suit in the name of another, irrespective of the merits of the suit if it had been properly brought; the gist of the tort is the improper liberty in using the name of another person in conducting a suit by which defendant is injured, and neither malice nor want of probable cause are essential elements of the cause of action. Neither is it essential to the existence of the cause of action that the person sued without authority shall have questioned or challenged the authority of the person in fact conducting the suit at the time it is being prosecuted."

In support of this statement, the author cites a number of cases, including Smith v. Hyndman, 10 Cush. 554, 64 Mass. 554, and Bond v. Chapin, 8 Metc. 31, 49 Mass. 31. These authorities support the quotation. In the Hyndman case, the rule is stated thus: "The gist of the action in such cases is not malice, but the want of authority. It has, therefore, been held, that though a party supposed he had authority, and acted upon that supposition, still, if the defendant suffers injury from the prosecution of the unauthorized suit against him, he may maintain an action for his actual damages, but for nothing more."

In the Chapin case, the rule is stated as follows: "Nor is the proof of malice essential to the maintenance of such action. If the party supposes he has authority to commence a suit, when in fact he has none, and the nominal plaintiff does not adopt it, the action fails for want of such authority. In such case, though the party supposed he had authority, and acted upon that supposition, without malice, still if the defendant suffers injury by reason of the prosecution of the unauthorized suit against him, he may maintain an action for the actual damages sustained by him."

The Supreme Court of Texas, in Streeper v. Ferris, 64 Tex. 12, had before it a similar question. The defendant in the suit was not a party in the court below but, claiming to be affected by the judgment, perfected an appeal in the name and without the consent of the person against whom the judgment had been rendered. The suit against him was for his wrongful act in taking such appeal. In sustaining liability, the court stated: "The action is in such case a groundless proceeding irrespective of any merits it might have had if legitimately brought. The person so acting without authority is liable to make good the damage sustained, and it has been said that though the person in whose name it is brought would have had a right to maintain it, this circumstance will afford no reason for reducing the damages. (Citing a textbook authority and a number of cases.)"

Defendant cites a number of cases[1] in support of his contention that an agent who, subsequent to the death of his principal but without knowledge thereof, performs an act which theretofore had been within the scope of his authority, is not liable for such act. It may be the general rule that an agent is not liable on a contract executed in behalf of a deceased

[1] Ginochio v. Porcella, 3 Bradf.Sur., N.Y., 277, 283; Carriger's Adm'r v. Whittington's Adm'r, 26 Mo. 311, 313, 72 Am.Dec. 212; Cassidy v. McKenzie, 4 Watts. & S., Pa., 282, 39 Am.Dec. 76; Catlin v. Reed, 141 Okl. 14, 283 P. 549, 67 A.L.R. 1410.

principal without knowledge of his death, unless the contract expressly fixes liability on such agent. Under such circumstances, no contract comes into existence. Assuming, without deciding, the correctness of defendant's contention in this respect, we are of the view that it has no application to the instant situation. This is a suit in tort for defendant's wrongful act. We have read the cases cited by defendant and think they are not in point. At any rate, there is no case cited by defendant or which we have been able to find, where a person has been relieved of liability for the character of act committed by the defendant in the instant case.

Plaintiff proved without dispute that it incurred attorney fees and expenses in the sum of $3,319.50 in defending the suit wrongfully brought by the defendant. In our judgment, it was entitled to recover such amount as compensatory damages. The judgment of the court below is, therefore, reversed, and the cause remanded, with directions to enter a judgment accordingly.

EVANS, Circuit Judge (concurring).

I can not agree with plaintiff's contention that it sought recovery on two different counts or causes of action. It stated but one cause of action which included the allegation that defendant "well knew at the time he instigated and prosecuted the * * * proceedings * * * that said C. T. C. Investment Company had been dissolved * * * and no longer had any corporate existence or any power to authorize the bringing or prosecution of an action against plaintiff * * *."

The court found against the plaintiff on the issue of defendant's scienter. If this finding be accepted it would seem to me to defeat plaintiff's stated cause of action.

I am, however, persuaded that there is no evidence to support the court's finding that "plaintiff has failed to sustain the allegations of the complaint." In other words, it seems clear beyond argument that "the said Joseph A. Duner knew at the time suit was instituted and prosecuted that he had no authority to authorize the bringing of or prosecution of said suit."

The evidence, in my opinion, as to the knowledge of defendant, was conclusive. This being so, it is unnecessary to consider the liability of one who brings a suit for another whose death prior to the insti-

tution of the suit was unknown to the attorney or agent who caused the suit to be brought and who would have been authorized to bring such suit but for the death or dissolution of the client.

Convinced as I am that defendant had knowledge of the dissolution of the C. T. C. Investment Company before suit was brought, he is liable for the reasonable and necessary expenses incurred by plaintiff in defending the action. While inclined to the view that there was no liability on defendant's part on the facts in this case unless he knew of the dissolution of the C. T. C. Company, I am nevertheless agreeing with the conclusion reached by the majority because of my conviction that the defendant did know when he authorized the commencement of the action against plaintiff that his principal had been dissolved for more than two years and could not maintain this action.