(No. 32252.—

EDWARD J. VAN HOUTEN, Appellant, *vs.* THE TRUST COMPANY OF CHICAGO *et al.,* Appellees.

*Opinion filed November 20, 1952.*

VANDERVELD & VALENTI, of Chicago, for appellant.

GREGORY GELDERMAN, of Chicago, for appellees.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

The plaintiff below (appellant here) brought suit in the superior court of Cook County, alleging that the defendant Gehm, while acting in the course of his duties as agent for the plaintiff, and in violation of those duties became the beneficial owner of certain premises the title to which was held for Gehm by the Trust Company of Chicago. The complaint prayed that the plaintiff be declared the beneficial owner of the premises, and that the Trust Company of Chicago be ordered to convey title to the plaintiff. The master found for and the chancellor entered a decree in favor of the defendants-appellees. Appellant brings a direct appeal, a freehold being involved.

The facts show that the plaintiff went into possession of the premises in question at 2147 Belmont Avenue, Chicago, in October of 1942. At that time, title to the property was in the names of Michael and Violetta Baumann, husband and wife. The Baumanns had, in 1936, entered into a contract to sell the property to Leonard and Maude Melton, and the plaintiff took possession under a purported assignment of this contract by the Meltons to him. The plaintiff at no time had any dealings directly with the

Baumanns, but made several payments under the contract to their agent, Foerster, who, upon discovering that the plaintiff was making the payments, informed plaintiff that the assignment was invalid, and that the Meltons were in default on their payments. These facts are not seriously disputed.

On about the first of the year 1943, the plaintiff had a conversation regarding the status of the title to the premises with the defendant Gehm. The latter was a real estate dealer of plaintiff's acquaintance, and the conversation resulted in an agreement by Gehm to negotiate with Foerster, the agent in charge of the property, to the end that plaintiff might acquire good title to the property. Gehm entered into the proposed negotiation, and over a period of several weeks the parties had numerous conversations. During February, 1943, while negotiations were in progress, part of the structure on the premises burned, and Foerster received the proceeds of the fire insurance policy which he carried on the property. Gehm's efforts produced no results for the plaintiff because, while Foerster was willing to sell, he would not do so except for cash, and the plaintiff did not pay or offer to pay any cash.

Meanwhile, after five months of occupancy under the purported assignment of the Melton contract, the plaintiff had made only two monthly payments to Foerster. Therefore, on March 3, 1943, Foerster's principals, the Baumanns, forfeited the Melton contract.

On March 9, 1943, they conveyed the property to Trust Number 3598 with the Trust Company of Chicago. Victoria Widermann was the person listed on the books of the Trust Company of Chicago as the beneficial owner of Trust Number 3598, and it was the defendant Gehm who engineered the sale to her. Gehm then made arrangements whereby Victoria Widermann directed the trust company to enter into a contract with the plaintiff whereby the plaintiff was to purchase the property by paying $30 per

month until the full sum was paid. Their written agreement was made on April 2, 1943, and the plaintiff made three monthly payments between that time and February 14, 1944, when he was notified his contract would be forfeited unless he paid it up to date by April 15, 1944. The plaintiff made no more payments and was later deprived of possession through an action in forcible entry and detainer.

The only matters seriously disputed are (1) whether Gehm was acting as plaintiff's agent when he negotiated the sale by the Baumanns whereby the property was transferred to Trust Number 3598 with Victoria Widermann as beneficial owner, and (2) whether Victoria Widermann or Gehm was the real beneficial owner of the trust. The trial court found that Gehm had been the agent of the plaintiff to purchase the property, but that at the time of the sale to Victoria Widermann the agency had terminated. It also found that Victoria Widermann was the beneficial owner of Trust Number 3598.

It is well settled that once an agency is terminated, the agent is no longer liable to account to the principal for personal gains which would, during the agency, have belonged to the principal. (*Walker* v. *Carrington,* 74 Ill. 446, 472.) Therefore, the problem arises whether the agency was terminated. "If there is no contract existing between the parties, or if the contract is for no fixed or definite period of time, it is terminable by the agent at will." (2 Am. Jur., sec. 39; *Du Pont De Nemours & Co.* v. *Clairborne-Reno Co.* 64 Fed. 2d 224, 89 A.L.R. 238.) It is not argued that the agency of Gehm was to continue for any definite period, and it remains only to decide whether the plaintiff had notice of Gehm's intention not to act further in plaintiff's behalf. As to this, we have Gehm's uncontradicted statement that the plaintiff accompanied him to the office of Foerster when he, Gehm, was seeking to purchase the property for Victoria Widermann. We have also the

plaintiff's own statement that, though Gehm obtained several offers of sale from Foerster, he, the plaintiff, did not accept any offer, even though he stated at the trial that he was financially able to do so. It would seem the plaintiff's personal knowledge of these facts and acts would be sufficient notice by the agent to the principal that the agency was terminated. "The American Law Institute has adopted the theory that express notice is not essential but has laid down the rule that unless· the parties have manifested otherwise to each other, a principal or agent has notice that authority to do an act has terminated, or is suspended, if he knows, or has reason to know, should know, or has been given notification of the occurrence of an event from which the inference reasonably would be drawn." 2 Am. Jur., p. 41, sec. 43.

The other phase of the case is presented by plaintiff's assertion that Gehm became the beneficial owner of the property at the time the Baumanns transferred title to Trust Number 3598. As to this the trial court found that Victoria Widermann, not Gehm, was the beneficial owner, and we find nothing in the record even tending to show this finding incorrect. We do find an uncontradicted statement that Victoria Widermann withdrew her own money from her bank and paid for the property herself. Further, the plaintiff admits signing the contract whereby he entered into an agreement to purchase the property from the Trust Company of Chicago. In the face of such an admission by a literate man, coupled with the fact that he made only three payments under the contract, it is little wonder that the trial court refused to accept the plaintiff's version of the facts. Under such a state of facts this court would be hard put to say that this finding of the lower court was contrary to the manifest weight of the evidence.

From the foregoing it is clear that the plaintiff has not proved his case, and the decree of the trial court is affirmed.

*Decree affirmed.*