JEFFERSON TRUST & SAVINGS BANK OF PEORIA, Plaintiff-Appellee, *v.* THE LINCOLN NATIONAL LIFE INSURANCE CO., Defendant-Appellant.

(No. 74-244;

Third District—March 31, 1975.

Roger E. Holzgrafe, of Westervelt, Johnson, Nicoll, & Keller, of Peoria, for appellant.

Robert C. Hall, of Davis, Morgan, & Witherell, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The assignee of a life insurance policy, Jefferson Trust & Savings Bank of Peoria (plaintiff), brought suit against defendant National Life Insurance Company to recover the cash surrender value of the policy. Both parties filed motions for summary judgment. The circuit court entered summary judgment in favor of plaintiff and defendant appeals.

The policy contained an "Automatic Premium Loan Privilege" which provided that any premium not paid before the expiration of the grace period was to be treated as paid and charged automatically as a loan against the policy with interest from the due date of the premium. Insured assigned the policy to plaintiff bank as collateral security for a loan, and the assignment was filed with the defendant as required by the policy. Both before and after the assignment, defendant made numerous loans under the automatic premium loan privilege. When plaintiff later surrendered the policy to obtain the cash surrender value, defendant set off all outstanding loans plus interest, and tendered $3,009.46. Plaintiff refused the tender, filed this action, and was awarded judgment for $7,768.05, from which judgment defendant appeals.

The amount in dispute represents loans against the policy made by defendant after the assignment. Plaintiff contends that the automatic loan privilege was revoked by the terms of the assignment and that notice of the assignment was sufficient to accomplish revocation. Defendant

denies that notice of the assignment was written notice of revocation as required under the terms of the policy.

Paragraph 13 of the policy provides:

> "The Automatic Premium Loan Privilege will be granted either at the request of the Insured in the application for this policy or upon subsequent written request received by the Company at its Home Office prior to the expiration of the grace period allowed for payment of any premium. *This Privilege may be revoked at any time upon written notice to the Company at its Home Office* [emphasis added].

> If the request has been made for the Automatic Premium Loan Privilege and such request remains unrevoked, any premium not paid before the expiration of the grace period shall be treated as paid and charged automatically as a loan against this policy with interest from the due date of the premium * * *."

The assignment did not contain specific words of revocation of the loan privilege. Plaintiff contends, however, that specific words of revocation are unnecessary, and that the assignment given to defendant contained provisions so inconsistent with the automatic loan privilege that the privilege was revoked. Under the terms of the assignment, plaintiff acquired the sole right to obtain loans on the policy and had no obligation to pay premiums or interest on policy loans. Plaintiff argues that these two provisions of the assignment were patently inconsistent with the continuation of the automatic premium loan privilege which would permit the previous policyholder to impair the cash value of the policy by refusing to make payment of premiums.

Is such an inconsistency sufficient to revoke the automatic loan privilege? We think not.

In *Hoffman ex rel. Keithley v. New York Life Insurance Co.*, 230 Ill. App. 533 (2nd Dist. 1923), the insured executed two notes in lieu of premium payments which were liens against the policy, and then assigned the policy as security for a debt. The insured subsequently executed renewal notes against the policy. The assignee paid two annual premiums, and then applied for the cash surrender value of the policy. The assignee denied the right of the insurance company to deduct the outstanding loans from the cash value because he had no notice of the loans. The court held that the assignee stood in the shoes of his assignor, that it was his duty to ascertain the rights of the insured under the policy, and that the loans should be deducted from the cash surrender value.

Courts in other jurisdictions have similarly held that the cash surrender value due the assignee was subject to a setoff for premium loans made subsequent to the assignment, and have held that where the as-

signee has the policy with full opportunity to examine its provisions, the assignee is subject to the rights and conditions of that policy. (*John Hancock Mutual Life Insurance Co. v. Virginia National Bank*, 212 Va. 31, 181 S.E.2d 618 (1971); *Massachusetts Mutual Life Insurance Co. v. Pinellas Central Bank & Trust Co.*, 175 So.2d 245 (Fla.App. 1965).) In both of these cases the insurance companies had notice of the assignment.

■■  The parties here agree that the original insurance policy was a valid binding contract and that as assignee of the policy, plaintiff took the policy subject to the same terms and conditions as the insured. The rule in Illinois is well established that an insurance policy is not a negotiable instrument and that an assignee takes subject to the conditions expressed in the policy and is in no better position than his assignor. (*Hoffman ex rel. Keithley v. New York Life Insurance Co.*, 230 Ill.App. 533 (2nd Dist. 1923).) We believe it is clear that, in the absence of a revocation, assignment of the policy in the case before us would not preclude defendant from setting off subsequent premium loans in computing the cash surrender value due plaintiff.

■  In support of its contention that the loan provision was revoked, plaintiff urges application of the rule that permits revocation of an offer by an act which is inconsistent with the continuation of the offer and which is brought to the attention of the nonrevoking party. (See, *e.g., McCauley v. Coe*, 150 Ill. 311, 37 N.E. 232 (1894).) This rule can have no application in the case before us where a contract is already in existence and binding upon the parties in all of its provisions. Plaintiff also points to a comparable rule applicable to termination of a principal-agent relationship, citing *Van Houten v. Trust Company of Chicago*, 413 Ill. 310, 109 N.E.2d 187 (1952), where the court held that express notice by the agent to the principal that the agency is terminated is not essential. The court there stated the rule to be " '* * * that *unless the parties have manifested otherwise* to each other, a principal or agent has notice that authority to do an act has terminated, or is suspended, if he knows, or has reason to know, should know, or has been given notification of the occurrence of an event from which the inference reasonably would be drawn.' " (413 Ill. 310, 314.) This rule cannot support plaintiff's theory, because here the contractual requirement of written notice is such a manifestation as would remove this case from the rule by the terms of the rule itself.

■■  We must reject plaintiff's contention that the rules of law set forth in the cases involving revocation of officers and termination of agencies have any bearing on the case before us. Here the assignee stands in the position of its assignor and is subject to the automatic premium loan provision until it acts to revoke in writing, and such revocation is not

effected by implication or mere constructive notice from the assignor by reason of the instrument of assignment.

■■ If the premium loan provision had been revoked, either expressly or constructively, the insured's failure to pay premiums could have resulted in a forfeiture of the policy with an even greater impairment of the cash surrender value than would result from loans made under the automatic premium loan privilege. We conclude that the terms of the assignment permitted insured to impair the cash surrender value in any event and that plaintiff may actually be in a better position now than if revocation had occurred.

■■ We hold that plaintiff, as assignee of a life insurance contract, took subject to the terms and conditions of the contract, including the provision that the automatic premium loan privilege could be revoked only upon written notice of revocation to defendant. The notice of assignment of the policy by the insured was not sufficient written notice to revoke the privilege. All outstanding premium loans plus interest must be set off against the cash surrender value of the policy.

The order of the circuit court granting summary judgment to plaintiff on the issue of liability is reversed, and defendant's motion for summary judgment is granted, and the cause is remanded for determination of damages consistent with this opinion.

Judgment reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.