BUDGET PREMIUM COMPANY, Plaintiff-Appellant, v. AMERICAN CA-SUALTY COMPANY, Defendant-Appellee.

Third District   No. 3—84—0689

Opinion filed August 30, 1985.

Sidney S. Deutsch, of Deutsch & Deutsch, of Rock Island, for appellant.

Peter C. Fieweger, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Budget Premium Company (Budget), the plaintiff, appeals from the orders which denied its motion to amend the pleadings and which granted judgment to the defendant, American Casualty Company (American).

On behalf of Irish's Cab, Inc. (Cab), Budget advanced $3,465 for premiums for Workers' Compensation Policy No. AR547197(81). Budget notified American that in the premium financing contract for the policy period commencing January 29, 1980, and expiring January 29, 1981 (period one), Cab assigned premiums due and payable under the policy to Budget as security so that unearned premiums due to cancellation could liquidate Cab's debt.

On the same terms, Budget initially financed $4,011 and after an audit financed an additional $5,072 for policy No. AR547197(82), a

short-term policy commencing February 10, 1981, and expiring January 29, 1982 (period two).

Charles Lauck, American's underwriter, testified that the estimated premium for policy No. AR5471927 for period one was $3,465. After the policy expired, American audited Cab's payroll; assessed the earned premium for period one at $7,846; and billed Cab, but was never paid, for the deficiency of $4,381 which was due on April 10, 1981. Therefore, on May 28, 1981, American sent Cab a notice of cancellation, effective June 10, 1981, for nonpayment even though the estimated $9,083 premium for period two was paid. After another audit, the earned premium from February 19, 1981, to June 11, 1981, was assessed as $2,831. From the $6,252 return premium, American paid the $4,381 due; subtracted the $93.55 unearned commission and sent the $1,777.45 to Budget.

According to Lauck, American's policy No. AR547197 was not in effect between January 29, 1981, and February 10, 1981. American added "(81)" and "(82)" to the policy number only to internally designate expiration year.

After the court took the case under advisement, Budget alleged estoppel in its motion to amend its complaint to conform to proof at trial since American endorsed the policy as paid and led Budget to believe that the policy would not be cancelled for nonpayment of premium. The court ruled that Budget neither proved estoppel nor its cause of action. The court denied Budget's motion and entered judgment for American.

Budget argues on appeal that a policy was in effect during period one. Cab was then uninsured for 12 days before another policy, with a different premium base and a different number, became effective. Budget asserts that American had no right to cancel the second policy and seize its unearned premiums to pay the premiums due from the first policy.

American responds that Budget financed premiums for two terms of one policy, and those premiums may be used to pay any earned premiums. Also, Budget is bound by the policy, which was renewed after the 12-day lapse. Budget replies that the original policy was terminated but that the second policy endorsed as paid in full could not be cancelled for nonpayment of premium until the audit subsequent to expiration revealed a premium due.

We note the following pertinent policy provisions. The declarations defined the estimated premium, and the policy provided that when the earned premium was computed upon expiration, the insured was either to pay the excess premium or receive the unearned premium. If the

policy was written for more than one year, earned premiums were to be computed and the policy provisions were to be applied separately to each consecutive 12-month period as if a separate policy were written for each period. If American cancelled, the pro rata earned premium was to be computed and adjusted.

■ Successive policies issued by the same insurer to the same insured, for the same or similar coverage are considered renewal policies. (Ill. Rev. Stat. 1983, ch. 73, par. 755.13(c).) When a policy is renewed, unless provided otherwise, the terms of the original policy become part of the renewal contract of insurance. *Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 364 N.E.2d 337.

■ American issued one policy which was renewed and audited annually. Budget financed Cab's premiums for two terms of the policy which Cab renewed on the same terms. Even though Cab paid the premiums for period two, Cab never paid the earned premiums for period one, and thus breached its contractual obligation. American, upon cancellation, properly calculated the pro rata earned premium for period two pursuant to the policy. American then rightfully utilized Cab's estimated premiums to liquidate all earned premiums and, as directed, appropriately returned the unearned premiums to Budget, Cab's assignee.

■ Budget next argues based on the Uniform Commercial Code—Secured Transactions (Ill. Rev. Stat. 1983, ch. 26, par. 9—101 *et seq.*), that American was obligated on a general intangible. Therefore, upon notice, American was required to pay Budget's unearned premiums from period two since Budget's right to receive those premiums was superior to the right of American, an account debtor, to liquidate its claim from period one.

American was obligated to pay Cab's unearned premiums, a general intangible, to Budget. (Ill. Rev. Stat. 1983, ch. 26, par. 9—106.) Therefore, American was an "account debtor." (Ill. Rev. Stat. 1983, ch. 26, par. 9—105.) However, Budget was still bound by the terms of the policy American issued to Cab. Further, an assignee is in no better position than its assignor (*Jefferson Trust & Savings Bank v. Lincoln National Life Insurance Co.* (1975), 27 Ill. App. 3d 435, 325 N.E.2d 384), since the rights of an assignee are subject to all the terms of and defenses or claims arising from the contract between the account debtor and the assignor. (Ill. Rev. Stat. 1983, ch. 26, par. 9—318.) Therefore, the assignee may recover to the same extent as its assignor, but the recovery is limited by valid and subsisting rights of setoff against the assignor when notice of the assignment was received. *Salt Fork Coal Co. v. Eldridge Coal Co.* (1912), 170 Ill. App. 268.

■ American's right to the earned premium for period one accrued, but the amount was not calculated prior to receipt of Cab's assignment of period two premiums. Also, Budget's rights were subject to the policy with which we have already deemed American in compliance. Therefore, despite Budget's security agreement, Budget was entitled to no greater recovery than Cab pursuant to the policy, and American appropriately adjusted the premiums.

■ Finally, Budget asserts that American should be estopped from applying the unearned premium to its claim since American led Budget to believe that the policy would not be cancelled for nonpayment and deprived Budget of its security. Consequently, Budget's motion to amend the pleadings to conform to the proof should have been allowed. American responds that Budget failed to prove the elements of equitable estoppel. Also, paying the estimated premiums was not equivalent to paying the earned premium for period two.

■ Motions to amend pleadings prior to final judgment are within the court's broad discretion. A denial is disturbed only if there has been a manifest abuse of discretion or if the court's ruling hindered the ends of justice. (*Economy Fire & Casualty Co. v. Pearce* (1979), 79 Ill. App. 3d 559, 399 N.E.2d 151.) If a party's conduct has reasonably induced another to follow a course of action which he otherwise would not have followed, which is to the latter's detriment, an estoppel arises to prevent injustice. The latter party must have reasonably relied on the other's conduct to estop him from raising his defense. (*Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318.) The party claiming estoppel must have been materially or substantially injured or prejudiced. *Ladd Construction Co. v. Insurance Co. of North America* (1979), 73 Ill. App. 3d 43, 391 N.E.2d 568.

■ Since Budget failed to prove equitable estoppel, the court did not abuse its discretion in denying the proposed amendment. Paying the estimated premium for period two did not release Budget from the restrictions of Cab's policy. Budget financed Cab's premiums for two terms, absent misconduct or misleading statements from American. Therefore, Budget's argument that it advanced premiums in detrimental reliance upon American's conduct must fail.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.