THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant, v. MARK S. McCURRY, Defendant-Appellee.

Third District   No. 3—85—0361

Opinion filed May 7, 1986.

Michael P. Mullen, Stephen C. Voris, and Francis M. Pawlak, all of Burke, Griffin, Chomicz & Wienke, P.C., of Chicago, for appellant.

Richard L. Whitman, of Stansell, Critser & Whitman, of Monmouth, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff, Prudential Insurance Company of America, appeals from an order entered by the circuit court of Knox County dismissing count II of its original complaint against defendant, Mark S. McCurry, a former employee.

The relevant facts are virtually undisputed. In March of 1976, defendant became employed as an insurance agent by Prudential Insurance Company of America (Prudential). At Prudential's insistence, defendant executed an "Agent's Agreement," which was drafted and printed by Prudential. According to the agreement defendant promised to "promote the success and welfare of [Prudential]; conform to and abide by its instructions, rules and requirements; and refrain from engaging in any other pursuit or calling from which [defendant would] receive financial remuneration while this agreement is in force." The agreement, however, contained no post-employment covenant not to compete. Nor did it impose any express restrictions on defendant's post-employment activities.

During his employment with Prudential, defendant sold various types of Prudential whole-life insurance policies to customers throughout the central Illinois area. He also serviced Prudential customers who had purchased policies from other Prudential agents. For each whole-life insurance policy defendant sold, Prudential paid him a first-year commission equal to approximately 40% to 55% of the first-year premium paid by the policyholder. Defendant also received commissions on any Prudential policies he was assigned to service but had not sold.

In March of 1983, defendant's employment with Prudential was terminated. Thereafter, he became affiliated with an insurance brokerage firm and acted as an agent for a number of other life insurance companies in central Illinois. Following his termination, he sold life insurance policies to certain persons to whom he had formerly sold Prudential policies. Consequently, several policyholders cancelled their Prudential whole-life insurance policies.

Prudential then filed a six-count complaint for damages and injunctive relief, alleging that defendant intentionally and maliciously caused the termination of certain life insurance policies he had sold or serviced for Prudential. Specifically, count II of the complaint alleged that defendant breached an implied covenant of good faith and fair dealing contained in his employment agreement. It was Prudential's position that this implied covenant imposed a duty on defendant to refrain from doing anything which would destroy or injure Prudential's right to receive the fruits of its insurance contracts with its policyholders.

Pursuant to a memorandum opinion and subsequent order, the circuit court of Knox County dismissed count II as substantially insufficient in law (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Prudential then filed a five-count amended complaint. Count II of the original complaint was not included in the amended complaint. All claims under the amended complaint were thereafter settled by agreement of the parties. As a result of the settlement, a permanent injunction was entered enjoining defendant from causing the termination of any Prudential whole-life insurance policy placed, sold, or serviced by defendant while he was a Prudential employee. Further, a $10,000 judgment was entered against defendant for damages resulting from the termination of the Prudential policies.

The circuit court then entered an order finding no just reason for delaying the enforcement or appeal of its order dismissing count II of Prudential's original complaint (Ill. Rev. Stat. 1985, ch. 110A, par. 304(a)). This appeal followed.

■ When examining the legal sufficiency of a complaint, the trial court must assume the truth of all facts properly pleaded. (*Vaughn v. General Motors Corp.* (1984), 102 Ill. 2d 431, 466 N.E.2d 195; *Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722.) However, mere conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest must be disregarded by the trial court in ruling on a motion to dismiss. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747.) A cause of action should not be dismissed upon the pleadings unless it clearly appears that no set of facts can be proved which would entitle the plaintiff to recover. *Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.

■ We first address Prudential's primary contention that the allegations of count II of its original complaint are sufficient to state a cause of action for breach of an implied covenant of good faith and fair dealing. Count II alleges the existence of an implied covenant of good faith and fair dealing in defendant's agent's agreement. Prudential argues that this implied covenant imposed a post-employment obligation upon defendant to refrain from doing anything which would destroy or injure Prudential's rights to receive the fruits of its insurance contracts with its policyholders. It further alleges that defendant breached this implied covenant of good faith and fair dealing by "intentionally and maliciously" causing the premature termination of Prudential life insurance policies he had sold or serviced while employed by Prudential. Prudential admits that defendant's alleged actions, forming the basis of the complaint, occurred subsequent to the termination of defendant's agent's agreement. Instead, Prudential argues that defendant's implied good-faith obligations existed for the "expected duration" of the whole-life insurance policies he sold or serviced for Prudential. Defendant asserts that, as a matter of law, any obligations under his agent's agreement, either express or implied, ended when the agency relationship terminated. He contends that he was thereafter free to solicit business from anyone, including his former Prudential customers.

It is well settled in Illinois, as in the majority of American jurisdictions, that a covenant of good faith and fair dealing is implied in every contract as a matter of law, absent an express disavowal. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 154 N.E.2d 683; *Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 466 N.E.2d 958; 3 Corbin, Contracts sec. 541, at 95 (1960).) However, we have found no reported cases, nor has Prudential offered any,

which found an agent's post-employment competition with a former employer actionable under the theory of breach of an implied covenant of good faith and fair dealing.

■ Generally, the principles as to good faith, loyalty, and personal interest of the agent do not apply after the termination of the agency relationship. After such termination, the former agent may negotiate for his own interest and may act adversely to his former principal. (*Van Houten v. Trust Co.* (1952), 413 Ill. 310, 109 N.E.2d 187; *Linn v. Clark* (1920), 295 Ill. 22, 128 N.E. 824.) Indeed, after termination of the agency, an agent who has gone into the same business for himself may lawfully solicit the future business of his former principal's customers. (*Ellis & Marshall Associates, Inc. v. Marshall* (1973), 16 Ill. App. 3d 398, 404, 306 N.E.2d 712, 716-17.) Only an express covenant to refrain from such activity will prevent this. *TAD, Inc. v. Siebert* (1978), 63 Ill. App. 3d 1001, 380 N.E.2d 963; *Glasser v. Essaness Theatres Corp.* (1952), 346 Ill. App. 72, 104 N.E.2d 510, aff'd (1953), 414 Ill. 180, 111 N.E.2d 124.

Illinois courts, through recent decision, have encouraged fair competition in business while exhibiting an abhorrence of restraint of trade. (*Disher v. Fulgoni* (1984), 124 Ill. App. 3d 257, 261, 464 N.E.2d 639, 642; *Lincoln Towers Insurance Agency v. Farrell* (1981), 99 Ill. App. 3d 353, 355, 425 N.E.2d 1034, 1036; *Revcor, Inc. v. Fame, Inc.* (1967), 85 Ill. App. 2d 350, 357, 228 N.E.2d 742, 746.) In *Revcor, Inc.*, the court stated:

> "Our free economy is based upon competition. One who works for another cannot be compelled to erase from his mind all of the general skills, knowledge, acquaintances and the overall experience which he acquired during the course of his employment. The success of a person who is engaged in sales depends largely upon his personal friendships and the confidences inherent therein. Absent special circumstances, such person cannot be prevented from seeking out customers of his former employer when he has entered into a competing business or gone to work for a competitor.
>
> If a salesman has agreed to a restrictive covenant in his employment contract, or if he has fraudulently and surreptitiously copied or removed lists of customers from a prior employer, or if the names of actual or potential customers are confidential, not subject to memory, are not publicly listed or otherwise readily obtainable, then, under proper circumstances, such salesman might be enjoined from soliciting business from the customers of his prior employer. Absent such circumstances,

however, there can be no such prohibition." *Revcor, Inc. v. Fame, Inc.* (1967), 85 Ill. App. 2d 350, 357, 228 N.E.2d 742, 746.

■ Accordingly, in the absence of any restrictive covenant in an employment contract, the improper taking of a customer list, or fraud, a former employee may compete in business with his former employer and solicit former customers, without breach of any implied obligation (*Ellis & Marshall Associates, Inc. v. Marshall* (1973), 16 Ill. App. 3d 398, 404, 306 N.E.2d 712, 717), so long as there was no demonstrable business activity on his part prior to the termination of his employment (*Kalnitz v. Ion Exchange Products, Inc.* (1971), 2 Ill. App. 3d 158, 161, 276 N.E.2d 60, 62-63).

■ In the instant case, Prudential admits that defendant did not engage in any competitive activity while still in Prudential's employ. Rather, it was subsequent to his termination that defendant solicited business from his former Prudential customers. Further, Prudential does not allege the existence of an express covenant, the improper taking of a customer list, or the existence of fraud. Thus, defendant's implied obligations of good faith to Prudential terminated when the agency relationship terminated.

We note that Prudential has alleged improper use of confidential information on the part of the defendant in both its original and amended complaints. This allegation was one of several "allegations common to all counts" in the complaints. In addition to the instant claim for breach of an implied covenant of good faith, Prudential claimed (1) tortious interference; (2) breach of fiduciary duties; (3) consumer fraud and deceptive business practices; (4) unfair competition; and (5) breach of contract. As indicated earlier, these claims were settled by agreement of the parties.

■ While misuse of confidential information has been held to constitute unfair competition (*Schulenburg v. Signatrol, Inc.* (1965), 33 Ill. 2d 379, 212 N.E.2d 865, *cert. denied* (1966), 383 U.S. 959, 16 L. Ed. 2d 302, 86 S. Ct. 1225), no Illinois court has found this actionable under the theory of breach of an implied covenant of good faith. As there was a substantial amount of overlap in Prudential's theories for recovery, it is our opinion that this allegation, while relevant to a determination of Prudential's unfair-competition claim, was insufficient to state a cause of action for breach of an implied covenant of good faith.

Although Prudential's claim is for breach of an implied good-faith covenant, we believe it more closely resembles a claim for breach of a covenant not to compete. The agent's agreement, which was drafted

and printed by Prudential, contained no express post-employment restrictive covenant. Such a covenant will not be implied.

■ For the aforementioned reasons, we conclude that count II of Prudential's complaint fails to state a cause of action for breach of an implied covenant of good faith and fair dealing. Therefore, the trial court properly dismissed that claim as substantially insufficient in law pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615).

Prudential advances one other argument on appeal: that the trial court erroneously decided a question of fact in dismissing count II of the complaint. In view of our conclusion, however, we deem it unnecessary to reach this contention.

Accordingly, the judgment of the circuit court of Knox County dismissing count II of Prudential's complaint is affirmed.

Affirmed.

GREEN and MORTHLAND, JJ., concur.