AMRIT J. PATEL *et al.,* Plaintiffs-Appellants, v. DUNKIN' DONUTS OF AMERICA, INC., *et al.,* Defendants-Appellees.

First District (5th Division)   No. 85—2092

Opinion filed July 25, 1986.

Arthur R. Ehrlich, of Goldman & Marcus, of Chicago, for appellants.

Gary Senner, Jeffrey Lennard, and Steven M. Levy, all of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:
This action is brought by plaintiffs Amrit J. Patel and A. J. Patel

Food Service, Inc., a franchisee of defendants, Dunkin' Donuts of America, Inc., and Dunkin' Donuts of Illinois, Inc. Plaintiffs are appealing from a trial court order granting judgment on the pleadings in favor of defendants and denying plaintiffs' motion for a preliminary injunction. Plaintiffs had sought to enjoin defendants from opening a Dunkin' Donuts franchise within one mile of plaintiffs' business on the basis that defendants had breached its franchise agreement with plaintiffs.

The facts are undisputed. Plaintiffs have operated a Dunkin' Donuts franchise at 3132 West Devon in Chicago since 1975. Their franchise agreement with defendants provides in part:

> "DUNKIN' DONUTS hereby grants to the FRANCHISEE and the FRANCHISEE accepts a franchise to operate a donut shop utilizing the DUNKIN' DONUTS SYSTEM at one location only, such location to be 3132 West Devon Avenue Chicago Illinois 60645, or at a location to be mutually agreed on in writing * * * ."

The agreement also states:

> "DUNKIN' DONUTS, in its sole discretion, has the right to operate or franchise other DUNKIN' DONUTS SHOPS under, and to grant other licenses in, and to, any or all of the PROPRIETARY MARKS, in each case on such terms and conditions as DUNKIN' DONUTS deems acceptable."

The agreement also contains an integration clause which provides that the document constitutes the full and complete agreement between the parties.

In 1985 plaintiffs learned of defendants' plans to construct a new Dunkin' Donuts franchise at Rosemont and Western avenues for a third-party franchisee. The Western location is within one mile of plaintiffs' franchise. Subsequently, and pursuant to their franchise agreement, plaintiffs requested a grievance panel to consider the merits of the new location. In March 1985 the panel recommended that defendants not develop the Western location. That decision was non-binding on the parties, and defendants informed plaintiffs that they were proceeding with construction of the Western shop.

In April plaintiffs filed their complaint seeking an injunction and other relief asserting that defendants' actions were a breach of the franchise agreement and an implied covenant of fair dealing and good faith. Plaintiffs alleged that the new franchise would create a loss of future business and profits for plaintiffs' business. In June 1985 the trial court granted defendants' motion for judgment on the pleadings and denied plaintiffs' motion for a preliminary injunction. The court

so ruled after noting that the franchise agreement did not bar defendants from building a new franchise proximate to plaintiffs' shop, that a franchise offering circular was not integrated into the franchise agreement, and held that plaintiffs had not stated a cause of action because their suit was anticipatory and speculative and damages could be recovered in a future action at law. The court dismissed plaintiffs' cause with prejudice, but specifically did not rule on their right to bring a future action for money damages.

On appeal plaintiffs contend that judgment on the pleadings should not have been granted when a question of material fact existed as to plaintiffs' damages. Furthermore, they argue that the loss of future business or profits is not so speculative so as to preclude injunctive relief. Plaintiffs also assert that, in alleging defendants' breach of the implied covenant of good faith and fair dealing, they are not claiming entitlement to territorial exclusivity. Rather, the breach arises from defendants' conduct by denying plaintiffs the fruits of their franchise agreement. Defendants contend that they did not breach the covenant of good faith since the agreement expressly gave them the right to open a new shop where they wished. Defendants further argue that, as a result of the agreement, plaintiffs' complaint did not state a cause of action, and therefore, plaintiffs were not entitled to an injunction, especially where they had a remedy at law for damages.

For the following reasons, this court affirms the decision of the trial court.

Plaintiffs correctly point out that a court cannot enter a judgment on the pleadings where a material issue of fact exists. (*Bank & Trust Co. v. Arnold N. May Builders, Inc.* (1980), 90 Ill. App. 3d 454, 456, 413 N.E.2d 183, 184.) They are also correct in their contention that a motion for judgment on the pleadings admits all facts well pleaded by the opposing party. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 553, 359 N.E.2d 113, 117.) Plaintiffs assert that their complaint raises an issue of fact as to their damages. However, the mere fact that they will be damaged by defendants' conduct does not *ipso facto* entitle them to injunctive or other relief. A well-pleaded complaint for an injunction must contain on its face a clear right to relief and assert facts which establish the right to such relief in a positive, certain, and precise manner. Furthermore, factual allegations must specifically establish the inadequacy of the legal remedy and the irreparable injury plaintiff will suffer without an injunction. *Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 116, 470 N.E.2d 997, 1002.

■ Although plaintiffs have adequately charged damages, they have failed to show any right to either damages or an injunction. The only issue of fact suggested by plaintiffs is the assertion of an implied covenant of good faith and fair dealing in the franchise agreement. According to plaintiffs, that implied covenant would prohibit defendants from erecting a Dunkin' Donuts shop at a location that would result in injury to plaintiffs' business and future profits, and in so doing, defendants have breached the covenant.

As a matter of law, there is no breach of an implied covenant shown by the pleadings. It is true that a covenant of good faith and fair dealing is implied in every contract as a matter of law, absent an express provision to the contrary. *Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 989-90, 466 N.E.2d 958, 971.

However, the court in *Snyder v. Howard Johnson's Motor Lodges, Inc.* (S.D. Ill. 1976), 412 F. Supp. 724, refused to extend the implied covenant of fair dealing to imply a covenant against competition in a licensing agreement. The *Snyder* court noted that the basis for an implied covenant is that the parties would have expressed that which the law implies had they thought of it or felt it necessary. (412 F. Supp. 724, 727-28.) In the case at bar, the parties did address the competition issue in the franchise agreement by giving defendants the right to establish a new business at its own discretion and on its own terms. Thus, there is no way the implied·covenant of good faith can be expanded to bar defendants from opening a new franchise within one mile of plaintiffs' business. The *Snyder* court also, in discussing the defendant's operation of a restaurant connected with plaintiff's lodge in a substandard manner, stated that where the fruits of a contract to one party depend on the efforts of another, a covenant of fair dealing can be implied. (412 F. Supp. 724, 728.) That is inapposite to the situation in the present case where defendants' efforts under the agreement involve doing things such as supplying instructions and products to plaintiffs.

Illinois courts favor fair competition and do not encourage restraints of trade. (*Disher v. Fulgoni* (1984), 124 Ill. App. 3d 257, 261, 464 N.E.2d 639, 642.) Noncompetition covenants will be enforced only if certain strident criteria are met, including reasonable chronological and geographical restrictions as well as the existence of a proprietary interest to be protected by the restriction. (*Konicki v. Oak Brook Racquet Club, Inc.* (1982), 110 Ill. App. 3d 217, 224, 441 N.E.2d 1333, 1338.) Contrary to plaintiffs' argument, they, in reality, are attempting to insert an exclusive-territory clause into the franchise agreement. (See *Prudential Insurance Co. v. McCurry* (1986), 143 Ill. App.

3d 222, 227-28, 492 N.E.2d 1026.) They seek to enjoin defendants from franchising a competitor within one mile of their business. Plaintiffs' complaint fails to show the necessary protectable, proprietary interest since their franchise agreement contains no geographical or time restraints regarding the establishment of another Dunkin' Donuts franchise. In fact, the agreement expressly grants one location to plaintiffs and reserves, without restriction, defendants' right to operate or franchise other shops on such terms as defendants deem appropriate. Rather than giving any proprietary rights in other locations, the agreement rejects such rights. Rather than restricting defendants' establishment of Dunkin' Donuts shops within defined geographical and chronological limits, the agreement authorizes defendants' unrestricted competition.

Plaintiffs point out that the grievance committee found that the new Western Avenue location would significantly encroach on plaintiffs' market area. There is nothing in the record indicating that the parties were contractually bound by that decision. Even if there were, the committee's decision would not give plaintiffs proprietary rights absent the stringent criteria relating to express noncompetition contracts discussed above. It is also of interest to this court that the record apparently indicates that the new shop at Western Avenue commenced operation sometime in July 1985.

In this case, the franchise agreement between plaintiffs and defendants authorized the operation of other Dunkin' Donuts shops by defendants or their franchisees without restriction as to time or place. It is also clear that plaintiffs' complaint was legally insufficient to state a cause of action for breach of an implied covenant of good faith and fair dealing. Thus, since the pleadings do not establish a proprietary right in plaintiffs' behalf, the order of the trial court granting defendants' judgment on the pleadings and denying plaintiffs' request for a preliminary injunction is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.