Nelle P. Merriman, Appellant, v. Charles L. Merriman and W. A. Doss, Appellees.

Gen. No. 9,030.

Opinion filed April 16, 1937.

N. E. HUTSON, of Monticello, for appellant.

REDMON, REDMON & BODMAN, of Decatur, and W. C. NOEL, of Urbana, for certain appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

This case involves an appeal from a judgment in favor of the defendants, Charles L. Merriman and W. A. Doss, his attorney, which was entered by the trial court upon granting a motion to dismiss a suit for damages filed by the plaintiff, Nelle P. Merriman, for alleged malicious prosecution, abuse of legal process, and for unlawfully instituting certain suits against her, all of which grew out of litigation arising in Piatt county.

The amended complaint consists of five counts.

The first count states in substance that in 1932 the defendants, conspiring together, filed an action seeking a decree of divorce in favor of the defendant Merriman from the plaintiff herein on the ground of extreme and repeated cruelty, and that the suit was maliciously filed for the purpose of harassing and humiliating the plaintiff herein and coercing her into relinquishment of her half interest in a store jointly owned with the defendant, on account of which she suffered loss of health, was hindered in following her ordinary affairs, and was obliged to employ counsel to defend the suit, whereby she sustained damages for which she seeks recovery.

Count two is based on the theory that the two defendants wrongfully and maliciously defended a divorce proceeding filed by the plaintiff against defendant Merriman in 1934, and filed therein a counterclaim asking for a divorce, in which they charged that the plaintiff had been guilty of extreme and repeated cruelty, when they knew that this question had been adjudicated in favor of the plaintiff in the above mentioned divorce suit, for the purpose of harassing her and thereby obliged her to employ counsel to defend against the counterclaim which was dismissed on a plea of former adjudication averring estoppel by verdict, whereby she sustained damages, etc.

Count three alleged that the defendant Merriman filed a voluntary petition in bankruptcy in the United

142

States District Court, was duly adjudicated a bankrupt and his assets were distributed among his creditors, and that the defendant later paid his principal creditors the balance remaining due on their claims; that in the course of said proceeding an injunction was issued against the plaintiff which was later dissolved. Many other immaterial allegations are set forth, but the plaintiff predicates her alleged cause of action in said count on the theory that the procedure of the defendant in being adjudicated a bankrupt and in obtaining an injunction in the same court was done for the purpose of injuring her in her property rights and was a malicious abuse and misuse of the processes of the United States District Court, and that by means of the prosecution of the bankruptcy proceeding by the defendant, the plaintiff has been put to great expense and sustained damages for which she has brought suit.

The fourth count charges that the defendants filed an injunction suit in the District Court of the United States, seeking an injunction against the plaintiff, her solicitors and the trial judge from enforcing the lawful orders of the circuit court relative to the payment of certain alimony and solicitor's fees by the defendant Merriman to this plaintiff; that said suit was wholly without merit and terminated in favor of the plaintiff; that the plaintiff had been put to great expense, was prevented from following and transacting her ordinary affairs and sustained damages, etc.

The fifth count alleges that defendants Merriman and Doss, his attorney, in pursuance of a conspiracy between them to annoy, harass and embarrass the plaintiff and without the knowledge, authority, or consent of one Allan F. Moore, caused a suit to be instituted in the name of said Allan F. Moore against the plaintiff for alleged rents due said Moore before a justice of the peace in Monticello; that plaintiff was obliged to employ counsel and appear in defense thereof; that no one appeared in behalf of said Moore and that

he had nothing to do with filing said suit and never appeared therein; that another suit was so instituted in the name of said Allan F. Moore for rent alleged to be due before a different justice of the peace wherein defendant Doss appeared as attorney and defendant Merriman appeared as a witness; in which suit the plaintiff was obliged to employ counsel and appear and resist same; that said Moore did not appear and neither knew of nor authorized either of said successive suits; that the same were wholly without merit and were dismissed; that said Doss and Merriman, without any authority or consent of said Moore, caused an appeal to be perfected to the county court of Piatt county in the suit before Justice Funk, which said suit so appealed was later dismissed at the instance of defendants on June 7, 1935; that said suits were maliciously filed pursuant to a conspiracy and agreement between the defendants for the purpose of annoying, harassing and embarrassing the plaintiff, whereby she was put to great expense in employing counsel, necessary preparation, and attendance in court in defending said suits and was hindered and prevented from following her ordinary affairs of business during said time and by reason thereof suffered permanent impairment of health and sustained damages therein, which she seeks to recover in this suit.

Each of the five counts of the amended complaint undertakes to set up a separate cause of action. None of them alleges the arrest of the plaintiff or any seizure of her property. The first, second and fourth counts undertake to state a cause of action for malicious prosecution; the third count for malicious abuse of legal process. We are of the opinion that the trial court properly held that none of the four counts in question stated a good cause of action.

It is a well settled rule of law of this State that an action for malicious prosecution of a civil suit without probable cause will not lie where the process in the

suit so prosecuted is by summons only and is not accompanied by the arrest of the person or seizure of the property or other special injuries not necessarily resulting in all suits prosecuted to recover for like causes of action. *Smith v. Michigan Buggy Co.*, 171 Ill. 619; *Bonney v. King*, 201 Ill. 47; *Schwartz v. Schwartz*, 285 Ill. App. 560.

Our courts have repeatedly held that an action for malicious prosecution is not favored in law, and should be limited, as courts of law are open to all citizens, except as to the penalty for lawful costs, and a litigant should be entitled to have his rights determined without the risk of being sued, and having to respond in damages for seeking to enforce his rights. *Smith v. Michigan Buggy Co., supra.*

The cases referred to in each of the above mentioned counts were prosecuted by summons only and were not accompanied by the arrest of the person or seizure of the property nor are such facts alleged in any such count as would except it from the rule laid down in the case of *Smith v. Michigan Buggy Co., supra,* and other cases therewith cited.

In *Shedd v. Patterson,* 302 Ill. 355, the declaration alleged and the proof showed that the defendant had filed five suits in equity and four actions at law, seeking relief in equity or damages in the actions at law, all relating to the same subject matter. In every case the decisions in the trial court, Appellate Court, Supreme Court, and in one case, the United States Supreme Court, were against every claim made by the defendant. The holding of the court on the facts in that case and the controlling facts alleged in separate counts in this case are clearly distinguishable.

The present case does not fall within the rule laid down in the case of *Shedd v. Patterson, supra.* It is sought here to state a cause of action for the prosecution or defense of four civil suits involving separate

matters, and therefore the rule applied in the case of *Smith v. Michigan Buggy Co., supra,* should be applied here.

The action for malicious abuse of process lies only for the improper use of process after it has been issued and not for maliciously. causing the process to be issued. In the case of *Bonney v. King,* 201 Ill. 47, at page 50, the court uses the following language: "The declaration here under consideration does not aver that the process of the courts, in any of the actions against appellant, has been used for a purpose such process was not intended by law to effect. Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and second, an act in the use of the process not proper in the regular prosecution of the proceeding. . . . The declaration does not aver either that the plaintiff was arrested or his property seized. The mere institution of civil suits does not constitute a malicious abuse of process."

The trial court did not err in sustaining the motion to dismiss as to counts one, two, three and four of the complaint.

It remains for this court to pass upon the sufficiency of the fifth count, and in so doing it becomes necessary to decide whether or not the filing of an unauthorized suit, in another's name, is actionable. That question has never been directly passed upon by the courts of Illinois.

The cause of action alleged in count five is distinguishable from malicious prosecution or the malicious abuse of civil process. In an action on the case for damages for prosecuting a suit against the plaintiff without authority, in the name of a third person, the gist of the action is not a want of probable cause, for there may be a good cause of action, but is based upon the improper liberty of using the name of another

person in prosecuting a suit by which the defendant in the action is injured, nor is proof of malice essential to maintain the cause of action. So in the case of an unauthorized appearance and confession of judgment by an attorney, while the judgment may be regular, and the appearance without warrant a good appearance as to the court, the defendant has his remedy against the attorney. Vol. 2 R. C. L. 1014, par. 96.

It has also been held in other jurisdictions that it is an actionable wrong to bring suit in another's name without authority, *Bond v. Chapin,* 8 Metcalf (Mass.) 31; 38 Corpus Juris, 385 (note 52); and if the defendant in such action suffers injury by reason of the prosecution of the unauthorized suit against him, he may maintain an action for the actual damages sustained by him in the loss of time, and for money paid to procure the discontinuance of the suit. If such suit is prosecuted with malicious motives, the defendant may also recover for "injury to his feelings and reputation." *Bond v. Chapin, supra.* In any event, the damages recoverable can never be speculative nor conjectural.

The action of the trial court in sustaining a motion to dismiss counts one, two, three and four is affirmed.

The judgment of the trial court in sustaining the motion to dismiss and in dismissing the suit as to count five of the complaint is reversed, and as to such count the cause is remanded.

*Reversed in part and remanded.*