STEVEN JAY LANDAU, Plaintiff-Appellant, v. PHILIP SCHNEIDER *et al.*, Defendants-Appellees.

Second District   No. 2—85—1004

Opinion filed April 6, 1987.

Robert J. Long and Howard M. Lang, both of Libertyville, for appellant.

Linda E. Spring and Steven L. Larson, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellees,

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Steven Jay Landau, appeals pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) from the dismissal with prejudice of count I of his complaint for abuse of process and from the striking with prejudice of certain allegations of count II of his complaint for intentional infliction of emotional distress. On appeal, plaintiff raises the following issues: (1) whether the trial court erred in dismissing count I for failure to state a cause of action for abuse of process; and

(2) whether the trial court erred in striking certain allegations of count II for a failure to state a cause of action for intentional infliction of emotional distress. We affirm in part and dismiss in part.

Steven and Carol Landau were married on June 20, 1980. Their son, Adam, was born on November 24, 1982. The couple was divorced on August 1, 1983. Since the divorce Carol Landau and Adam have resided with Carol's parents, Philip and Phylis Schneider, defendants in this case.

On June 10, 1985, plaintiff filed in Lake County a two-count complaint against defendants. Count I alleges that defendants willfully and maliciously conspired to abuse process by swearing out a criminal complaint for telephone harassment (Ill. Rev. Stat. 1985, ch. 134, par. 16—4—1(5)) against plaintiff in the name of Carol Landau, but signed by Philip Schneider, with the purpose of interfering with and severing the plaintiff's relationship with his son, Adam. Plaintiff further alleged that, based on this complaint, summons were issued, and plaintiff had to defend himself in the circuit court of Cook County. Plaintiff was acquitted of all charges against him. Further, plaintiff prayed for damages, including attorney fees, proximately caused by defendants' actions. Plaintiff also asked for punitive damages. On October 8, 1985, the trial court dismissed count I with prejudice, finding that the complaint failed to state a cause of action for abuse of process.

Count II of the complaint alleges a cause of action for intentional infliction of emotional distress. Certain allegations of count II were stricken by the trial court with prejudice.

On November 11, 1985, plaintiff's motion to reconsider the court's order striking with prejudice several allegations of count II was denied, and the court certified for appeal the October 8, 1985, order which had dismissed with prejudice count I of the complaint. This interlocutory appeal ensued.

Plaintiff's first contention on appeal is that count I of the complaint states a cause of action for abuse of process, and, therefore, the trial court improperly dismissed it with prejudice. We disagree.

■■ A complaint is to be liberally construed; however, plaintiffs are not relieved of the necessity of stating a cause of action. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 9, 373 N.E.2d 1326; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 211, 230 N.E.2d 182, 184.) In determining the sufficiency of a complaint, a court of review must strip the complaint of unsupported conclusions and inferences and then determine whether the complaint alleges sufficient facts to sustain a cause of action. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976; *Kinney v. St. Paul Mercury Insurance*

*Co.* (1983), 120 Ill. App. 3d 294, 295, 458 N.E.2d 79.

■■ ■ The elements necessary to properly plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive, and (2) some act in the use of the legal process not proper in the regular prosecution of the proceedings. (*Bonney v. King* (1903), 201 Ill. 47, 50, 66 N.E. 377; *Cartwright v. Wexler, Wexler & Heller, Ltd.* (1977), 53 Ill. App. 3d 983, 986, 369 N.E.2d 185.) Specifically, the defendant must have intended to use the action to accomplish some result which could not be accomplished through the suit itself. (*Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 816, 458 N.E.2d 1120; *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191.) The mere institution of proceedings, even with a malicious motive, does not in and of itself constitute abuse of process. *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452; *Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 462, 181 N.E.2d 601.

To support his contention that defendants abused process to prevent plaintiff from establishing a relationship with his son, plaintiff alleges:

"That on or about the 5th day of April, 1984, the Defendant, PHILIP SCHNEIDER, and PHYLIS SCHNEIDER willfully and maliciously conspired to cause process to be served upon the Plaintiff at his residence in the Village of Lake Bluff, County of Lake, charging the Plaintiff STEVEN JAY LANDAU with the crime of harassment by telephone, with the purpose and intent of interfering with and severing the Plaintiffs' relationship with his minor son, Adam, who resided with his mother Carol Landau, the daughter of the Defendants, in the Defendants' home, and with the further purpose of harming the Plaintiff's professional standing and reputation as a duly licensed attorney at law.

\* \* \*

That said process is defective on its face, as it purports to swear out a complaint by Carol Landau, but is signed by the Defendant PHILIP SCHNEIDER."

■ In analyzing whether these two allegations are sufficient to establish a cause of action for abuse of process, we must ignore "conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531, 169 N.E.2d 747; *Prudential Insurance Co. of America v. McCurry* (1986), 143 Ill. App. 3d 222, 225, 492 N.E.2d 1026.) Therefore, we ignore plaintiff's assertion that defendants "will-

fully and maliciously conspired" to cause process to be served. We agree with both plaintiff and defendants that the factual situation presented by this case is novel, in that plaintiff alleges abuse of process based on how process was obtained rather than how process was used after it had been obtained, which is the traditional basis for this tort. (See *Bonney v. King* (1903), 201 Ill. 47, 51, 66 N.E. 377; *Merriman v. Merriman* (1937), 290 Ill. App. 139, 8 N.E.2d 64.) In this case plaintiff alleges that process was obtained through the swearing out of a criminal complaint in the name of Carol Landau by her father, a defendant in this case.

In *Merriman v. Merriman* (1937), 290 Ill. App. 139, 8 N.E.2d 64, the court held:

> "In an action on the case for damages for prosecuting a suit against the plaintiff without authority, in the name of a third person, the gist of the action is not a want of probable cause, for there may be a good cause of action, but is based upon the improper liberty of using the name of another person in prosecuting a suit by which the defendant in the action is injured, nor is proof of malice essential to maintain the cause of action." 290 Ill. App. 139, 145-46, 8 N.E.2d 64, 67.

The United States Court of Appeals for the Seventh Circuit in *London & Lancashire Indemnity Co. of America v. Duner* (7th Cir. 1943), 135 F.2d 895, stated that the commencement of a suit in the name of a corporation, the legal existence of which has long been extinguished, is a wrong just as much as the commencement of a suit in the name of a person who has long been deceased. (135 F.2d 895, 899; accord *Bond v. Chapin* (1844), 49 Mass (8 Met.) 31.) These two cases appear to stand for the proposition that a plaintiff may be able to recover in tort when he suffered an injury related to having judicial proceedings started against him by a third party who uses the name of another without authority.

Paragraph 5 of count I of plaintiff's complaint alleges that the criminal complaint was defective on its face, given the fact that the father signed in his daughter's name. Even assuming *arguendo* that the complaint is defective, an argument plaintiff makes without supportive authority, the factual allegation is insufficient to bring this case within the framework of *Merriman* or *Duner*, since there is no allegation regarding defendants' lack of authority to swear out the criminal complaint in his daughter's name.

■ Plaintiff urges us to adopt the *dicta* of *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452, where the court stated:

"It may well be that in a proper factual context a fraudulent and malicious manipulation of service of summons could itself constitute abuse of process." (4 Ill. App. 3d 962, 969, 282 N.E.2d 452.)

Even if we were willing to extend the tort of abuse of process to include such a factual situation, plaintiff in this case did not allege sufficient facts to indicate fraud or malice by not pleading that the father signed the complaint in his daughter's name without gaining her authority or consent. (See *Barquis v. Merchants Collection Association of Oakland, Inc.* (1972), 7 Cal. 3d 94, 496 P.2d 817, 101 Cal. Reptr. 745.) He suggests the existence of defendants' fraudulent or malicious conduct through mere conclusions unsupported by facts. Furthermore, plaintiff does not sufficiently allege facts linking the filing of the criminal complaint with the result of preventing him from seeing or contacting his son. The mere institution of proceedings does not in and of itself constitute abuse of process. *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 969, 282 N.E.2d 452; *Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 462, 181 N.E.2d 601.

Therefore, we conclude that the trial court properly dismissed count I of plaintiff's complaint for failure to state a cause of action for abuse of process.

■ Next, plaintiff contends that the trial court erred in striking and dismissing with prejudice certain allegations contained in count II of plaintiff's complaint. Appeals from judgments which do not dispose of the entire proceeding are governed by Supreme Court Rule 304(a)(103 Ill. 2d R. 304(a)), which provides in pertinent part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

A determination is final if it finally disposes of the rights of the parties, either in the entire controversy or a separate branch thereof. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 417, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232; *Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 381, 456 N.E.2d 635.) Language of the circuit court that it finds "no just reason to delay enforcement or appeal" of its order cannot make a nonfinal order final and, consequently, appealable. *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1007, 443 N.E.2d 268; *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624, 390 N.E.2d 1270.

■ In the present case the trial court made the requisite special finding as to both count I of the complaint and the stricken allegations of count II. We conclude that as to count II we do not have a final appealable·order, since it does not dispose of the entire claim, but only of certain allegations. Plaintiff could not properly seek an appeal from the dismissal of those allegations, as it did not terminate and dispose of the parties' rights regarding the issues brought up in count I, but left the cause pending and undecided. *Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 381, 456 N.E.2d 635; *Findley v. Posway* (1983), 118 Ill. App. 3d 824, 827, 455 N.E.2d 861.

We conclude that the order striking allegations of count II of the complaint for intentional infliction of emotional distress is not final and appealable and that portion of this appeal must be dismissed for lack of jurisdiction. See *Bulk Terminals Co. v. Environmental Protection Agency* (1976), 65 Ill. 2d 31, 357 N.E.2d 430; *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.

Therefore, the judgment dismissing count I of the complaint is affirmed, and the appeal directed to count II is dismissed.

Affirmed in part and dismissed in part.

DUNN and HOPF, JJ., concur.