SAFEWAY INSURANCE COMPANY, Plaintiff-Appellant, v. MICHAEL D. SPINAK *et al.*, Indiv. and d/b/a Spinak, Levinson and Associates, Defendants-Appellees.

First District (4th Division)   No. 1—93—1905

Opinion filed June 16, 1994.—Rehearing denied November 4, 1994.

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago (Alvin R. Becker, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Richard H. Dono-

hue, Michael A. Pollard, William M. Sneed, and John D. Martin, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Safeway Insurance Company (hereinafter Safeway), filed a complaint in the circuit court of Cook County against defendants, Michael D. Spinak and Arthur H. Levinson, individually and doing business as Spinak, Levinson & Associates, alleging that defendants filed an unauthorized lawsuit on behalf of Ricardo Sanchez. This "unauthorized filing" complaint was ultimately dismissed by the trial court.

On appeal, Safeway contends (1) the trial court erroneously found that its claim for "unauthorized filing" was barred by the applicable statute of limitations; and (2) the trial court improperly dismissed its punitive damages claim.

We reverse and remand.

On September 27, 1991, Safeway filed its original complaint alleging that on December 30, 1987, defendants filed an unauthorized action against Safeway on behalf of Ricardo Sanchez (hereinafter the Sanchez action). Safeway sought compensatory damages for the fees and expenses it incurred in defense of the Sanchez action and punitive damages predicated upon allegations of malice.

In response, defendants filed a motion to dismiss Safeway's complaint asserting that it failed to state a cause of action. The trial court granted defendants' motion, dismissed Safeway's punitive damages claim with prejudice, and dismissed the remainder of Safeway's complaint with leave to file an amended complaint.

Safeway filed its amended complaint and defendants moved to dismiss it, claiming that it was barred by the two-year statute of limitations applicable to malicious prosecution and abuse of process actions. The trial court granted defendants' motion and Safeway appeals.

In determining the propriety of the trial court's dismissal of Safeway's amended complaint as time barred, it is essential to establish the cause of action pleaded so that the applicable limitations period can be identified. Safeway argues that it pleaded an action for "unauthorized filing" of a lawsuit, an action separate and distinct from malicious prosecution or abuse of process, which is governed by the five-year limitations period provided in section 13—205 of the Code of Civil Procedure (hereinafter the Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—205). Defendants argue that liability for the wrongful filing of a lawsuit is limited to an action for malicious prosecution or abuse of process governed by the two-year statute of limitations in section

13—202 of the Code (Ill. Rev. Stat. 1991, ch. 110, par 13—202), or the remedy provided in Supreme Court Rule 137 (134 Ill. 2d R. 137) or its predecessor, section 2—611 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). Alternatively, defendants argue that even if the tort of "unauthorized filing" is cognizable, it is also governed by the two-year limitations period of section 13—202.

In *Merriman v. Merriman* (1937), 290 Ill. App. 139, this court recognized a cause of action in favor of the defendant in a legal proceeding against the attorney who instituted such proceeding without authority from the putative plaintiff. The court distinguished the action from malicious prosecution and abuse of process. Relying upon authority from other jurisdictions, *Merriman* held:

"[I]t is an actionable wrong to bring suit in another's name without authority [citations]; and if the defendant in such action suffers injury by reason of the prosecution of the unauthorized suit against him, he may maintain an action for the actual damages sustained by him in the loss of time, and for money paid to procure the discontinuance of the suit." (290 Ill. App. at 146.)

Our research fails to reveal any other reported case in Illinois which directly concerns the existence of this tort, but one other case has acknowledged the holding in *Merriman* regarding this issue. See *Landau v. Schneider* (1987), 154 Ill. App. 3d 875.

Primarily relying upon *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, defendants argue that this court should reject Safeway's efforts to extend tort liability for the unauthorized filing of a lawsuit beyond the ambit of an action for malicious prosecution or abuse of process. They also urge us to decline to follow *Merriman* as it was decided before the advent of satellite litigation and long before the adoption of the sanctions authorized by Rule 137 and its predecessor, section 2—611. They further assert that the extension of liability authorized by *Merriman* is contrary to the "well-established public policy of preventing the endless re-litigation of civil actions and clogging the court system by cases based on personal vendettas of the litigants and their attorneys."

At first blush, defendants' contention that Rule 137 is the proper remedial vehicle for Safeway's claim is appealing. Certainly, no such remedy existed when *Merriman* was decided and, consequently, a defendant who was subjected to an arguably well-grounded yet unauthorized action was without a remedy. Presently, a filing well grounded in fact and law can subject its pleader to sanctions when interposed for any improper purpose such as harassment or vexation. (134 Ill. 2d R. 137.) However, in the final analysis, the same behavior which would support actions for malicious prosecution and abuse of

process would also be sanctionable under Rule 137 in most instances. We know of no court, adopting Rule 137 or its predecessor, section 2—611, which has held that independent actions for malicious prosecution and abuse of process ceased to exist, nor are we prepared to so hold.

Regarding defendants' argument that recognizing the tort of "unauthorized filing" would, in this age of satellite litigation, contribute to endless relitigation of civil actions in an already clogged court system, we note that the same could be said of the continued recognition of the torts of malicious prosecution and abuse of process. We also note that in the 57 years since *Merriman* was decided, the instant case is only the second time that an Illinois court of review has had occasion to discuss the very existence of this tort, hardly a harbinger of the deluge of litigation that defendants predict if we follow *Merriman*.

■ Access to our courts as a vehicle for resolving private disputes is a fundamental component of our judicial system and public policy demands that litigants who, in good faith, present their claims to our courts for determination be free to do so without fear of being sued for seeking to enforce their rights. (*Schwartz v. Schwartz* (1937), 366 Ill. 247; *Merriman*, 290 Ill. App. at 144.) Consequently, courts have resisted attempts to enlarge upon the tort liability of litigants beyond the ill-favored actions for malicious prosecution and abuse of process. (*Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 822.) But the claim asserted by Safeway does not impact upon litigants; it seeks redress against those who set our judicial system in motion when there is no litigant seeking to enforce a right. When an unauthorized action is filed, there is nothing for a court to determine; there are no claims presented to resolve. If recognizing a tort action for the filing of a lawsuit without the knowledge or consent of the putative plaintiff casts a chill over the meaningless invocation of our judicial process, then so be it. We find nothing in such a holding that would in any way impact upon the policy considerations attendant to free access to our courts.

■ Having acknowledged a cause of action for "unauthorized filing" of a lawsuit as first recognized by the *Merriman* court, we next address the question of the limitation period applicable to it. Safeway argues that such an action is governed by the five-year limitation contained in section 13—205 of the Code, which provides in pertinent part:

"[A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1991, ch. 110, par. 13—205.)

The defendants contend that if such a tort exists, it is governed by the two-year limitation applicable to actions for malicious prosecution contained in section 13—202 of the Code. In support of this proposition, they cite *Withall v. Capitol Federal Savings of America* (1987), 155 Ill. App. 3d 537, which held that the two-year limitation contained in section 13—202 of the Code was applicable to an action for abuse of process.

We are not instantly asked to determine the limitations period applicable to an action for abuse of process and, consequently, we will not comment upon the holding in *Withall* other than to note that it is unsupported by citation to authority. Malicious prosecution and abuse of process are separate and distinct torts which differ elementally (see *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962), and an action for the "unauthorized filing" of a lawsuit is separate and distinct from both. The gist of an action for "unauthorized filing" is not want of probable cause, as is the case in an action for malicious prosecution, nor does the action require the irregular use of process necessary to maintain an action for abuse of process. (*Merriman*, 290 Ill. App. at 145-46.) For these reasons, we find that an action for the "unauthorized filing" of a lawsuit is not a subspecies of malicious prosecution included within the two-year limitations period provided in section 13—202 of the Code. Rather, it is a separate and distinct action whose limitation period is not specifically provided and, as such, is governed by the five-year limitations period contained in section 13—205 of the Code. As the record clearly shows that Safeway filed its action against defendants within five years of the date of the filing of the Sanchez action, it was error to dismiss Safeway's action as time barred and the judgment of the circuit court in that regard is reversed.

■ Lastly, we address the propriety of the order of the circuit court striking Safeway's prayer for punitive damages with prejudice. The record reveals that the parties did not raise, brief, or argue the availability of punitive damages in relation to defendants' motion to dismiss the original complaint for failure to state a cause of action. After allowing the defendants' motion and granting Safeway a 28-day period within which to replead its action, the trial court, *sua sponte*, struck Safeway's prayer for punitive damages with prejudice.

Without question, the *Merriman* court envisioned the possibility of an award of exemplary damages in circumstances involving a maliciously motivated "unauthorized filing" of a lawsuit. (*Merriman*, 290 Ill. App. at 146.) In its original complaint, Safeway alleged that the defendants prosecuted the Sanchez action in order to "satisfy their desire to vex, harass, annoy, damage or injure the business rep-

utation" of Safeway. These allegations are sufficient to support an inference of malice. In support of the trial court's ruling on the punitive damages question, defendants argue that Safeway's punitive damage claim is barred by the provisions of section 2—1115 (Ill. Rev. Stat. 1991, ch. 110, par. 2—1115). We disagree.

Section 2—1115 of the Code provides in pertinent part:

> "In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal *** malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1115.)

This section of the Code is broad enough to encompass any acts arising out of the provision of legal services. However, in determining its applicability in any given case, we must look to the nature of the behavior alleged in a plaintiff's complaint to determine whether the activities fall within the term "legal malpractice." See *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649.

In this case, Safeway's complaint specifically alleged that defendants filed the Sanchez action without the knowledge, consent, or permission of Ricardo Sanchez, their purported client. If it is ultimately determined that no attorney-client relationship existed between defendants and Mr. Sanchez, then the act of filing the complaint in his name could not have arisen out of the provision of legal services and section 2—1115 will not bar a prayer for punitive damages against defendants. Contrarily, if defendants were engaged to represent Mr. Sanchez in a matter involving Safeway and if they, pursuant to such representation, filed a complaint against Safeway, without his knowledge, consent, or permission, then the filing, albeit unauthorized, would arise out of the provision of legal services and section 2—1115 would bar any claim for punitive damages predicated thereon. In this case, the relationship between Mr. Sanchez and defendants is not apparent from the face of Safeway's original complaint and the applicability of section 2—1115 is accordingly indeterminable. Therefore, we find that it was error to strike Safeway's prayer for punitive damages with prejudice.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded to the circuit court for further proceedings.

Reversed and remanded.

HOFFMAN, P.J., and CAHILL, J., concur.