JUDITH KENNEDY, Independent Adm'r of the Estate of Edith R. Nesmon, Deceased, Plaintiff-Appellee, v. LEANNA KARNOPP GRIMSLEY *et al.*, Defendants-Appellants.

Third District   No. 3—05—0189

Opinion filed October 13, 2005.—Rehearing denied November 17, 2005.

R. Michael Henderson (argued) and Adam P. Chaddock, both of Quinn, Johnston, Henderson & Pretorius, Chtrd., of Peoria, for appellants.

James R. Carter, Boyd O. Roberts III, and Brian Allen Kuehn (argued), all of Carter Law Offices, of Peoria, for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

This court granted defendants' application for leave to appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308) to consider whether plaintiff's claim for punitive damages for alleged fraud in inducing an attorney-client relationship is barred by section 2—1115 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1115 (West 2004)). We find that it is.

## Facts

The third amended complaint filed by plaintiff Judith Kennedy, administrator of the estate of Edith Nesmon, consists of four counts. Count I alleges that defendant Leanna Karnopp Grimsley (hereinafter defendant) committed legal malpractice by failing to file a medical malpractice lawsuit prior to the expiration of the statute of limitations. Count II alleges that defendant was an employee of the law firm of Grimsley & Grimsley, P.C., (hereinafter law firm) and it asserts liability based on *respondeat superior*. Neither of those counts is at issue in this appeal.

Count III of plaintiff's complaint alleges that at the initial meeting with defendant on January 18, 2000, plaintiff told defendant that she was seeking an attorney who was skilled in handling medical negligence cases and defendant told plaintiff that she was ''well

familiar" with such cases. Defendant also told plaintiff that she was familiar with the legal principles governing such cases in the State of California. According to plaintiff, defendant made these statements with the intent to deceive plaintiff and induce her to enter into an attorney-client relationship. Plaintiff asserts that defendant in fact had no prior experience in medical negligence cases, had no knowledge of California law and was not competent to try a medical negligence case. Plaintiff hired defendant in reliance on her false statements and defendant subsequently failed to file suit prior to the running of the statute of limitations. Plaintiff sought both compensatory and punitive damages. Count IV realleges the same claim against the law firm on the basis of *respondeat superior*.

Defendant subsequently filed a motion to dismiss counts III and IV on various grounds, which the trial court denied. However, the court identified the issue of the application of section 2—1115 of the Code as a question of law suitable for immediate appeal under Rule 308, and this appeal followed.

## Analysis

### Standard of Review

■ The scope of review in an interlocutory appeal under Rule 308 is ordinarily limited to the question certified by the trial court, which is reviewed *de novo*. See *Thompson v. Gordon*, 356 Ill. App. 3d 447, 827 N.E.2d 983 (2005). In addition, questions of statutory interpretation are subject to *de novo* review. *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 823 N.E.2d 213 (2005).

■ Section 2—1115 of the Code provides:

"§ 2—1115. Punitive damages not recoverable in healing art and legal malpractice cases. In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed." 735 ILCS 5/2—1115 (West 2004).

Despite the broad language of section 2—1115 and its seemingly sweeping prohibition against punitive damages in legal malpractice cases, this court has held that section 2—1115 does not apply to complaints alleging common law fraud. In *Cripe v. Leiter*, 291 Ill. App. 3d 155, 683 N.E.2d 516 (1997), the plaintiff alleged that the billing statements of the defendant attorney contained false statements regarding the number of hours spent on certain trust and guardianship matters. We found that punitive damages were not prohibited because section 2—1115 was "only applicable if the behavior alleged in the complaint amounts to legal malpractice." *Cripe*, 291 Ill. App. 3d

at 158, 683 N.E.2d at 519. Since fraud and legal malpractice were distinct causes of action, punitive damages were available. *Cripe*, 291 Ill. App. 3d 155, 683 N.E.2d 516. The trial court in this case specifically relied on *Cripe* in denying defendants' motion to dismiss counts III and IV.

Of course, a plaintiff cannot avoid the effect of section 2—1115 by simply applying a fraud label to a legal malpractice claim. Instead, "in determining the applicability of section 2—1115, the court must look to the 'nature of the behavior alleged' in plaintiffs' complaint to 'determine whether the activities fall within the term "legal malpractice." ' " *Brush v. Gilsdorf*, 335 Ill. App. 3d 356, 360, 783 N.E.2d 77, 80 (2002), quoting *Safeway Insurance Co. v. Spinak*, 267 Ill. App. 3d 513, 518, 641 N.E.2d 834, 837 (1994). In *Brush* this court held that punitive damages were not available in an action for breach of fiduciary duty brought against a law firm for failure to disclose possible conflicts of interest and for failing to inform plaintiff of settlement offers. "[B]ecause injury was suffered by reason of the attorneys' professional conduct during the course of legal representation, the gravamen of the claim is legal malpractice, regardless of which theory or claim has been pled." *Brush*, 335 Ill. App. 3d at 361, 783 N.E.2d at 80-81.

■ Similarly in this case, we believe that the gravamen of plaintiff's claim is one for legal malpractice, not fraud. The nature of the behavior alleged concerns defendant's actions and statements in the creation of the attorney-client relationship, the necessary predicate to any malpractice action. Plaintiff's attempt to carve out a separate cause of action is understandable in light of section 2—1115, but it creates an artificial distinction between the formation of the attorney-client relationship and its consequences. The essence of plaintiff's claim is that her relationship with defendant caused her harm, due to a lack of skill, knowledge or effort. Plaintiff's allegations that defendant misled her about that lack of skill or knowledge are so inextricably intertwined with her claims for legal malpractice that they cannot escape the effect of section 2—1115. Unlike the fraudulent billing at issue in *Cripe*, which was unrelated to issues of legal skill and ability, plaintiff's allegations of defendant's lack of knowledge and ability are precisely those underlying her malpractice suit. We find, therefore, that plaintiff's claims for punitive damages in counts III and IV of her third amended complaint are barred by section 2—1115 of the Code. Accordingly, we answer affirmatively the following question certified by the trial court:

> "Whether the trial court improperly denied Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Third Amended Complaint,

when Section 2—1115 of the Illinois Code of Civil Procedure prohibits actions for punitive damages against attorneys in all cases, whether in tort, contract or otherwise, in which Plaintiff seeks damages by reason of legal malpractice and where Counts III and IV of Plaintiff's Third Amended Complaint seek punitive damages as recovery against attorneys for alleged common law fraud in the inducement of the attorney client relationship[.]"

For the reasons stated above, the certified question is answered in the affirmative, and this cause is remanded for further proceedings.

Certified question answered; cause remanded.

LYTTON and O'BRIEN, JJ., concur.