No. 3-05-0189  

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

_________________________________________________________________

JUDITH KENNEDY, Independent )  Appeal from the Circuit Court

Administrator of the Estate   )  of the 10th Judicial Circuit,

of
 EDITH R. NESMON, Deceased, )  Peoria County, Illinois,
 

Plaintiff-Appellee, ) 

) 

v. )  

)  Case No.
  02 L 397

LEANNA KARNOPP GRIMSLEY and ) 

GRIMSLEY & GRIMSLEY, P.C., )                         

f/k/a/ EARLY & GRIMSLEY, P.C.,)

an Illinois professional ) 

corporation,
 )  Honorable
 Richard Grawey
,

Defendants-Appellants. )  Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE SLATER delivered the opinion of the court:  _________________________________________________________________

This court granted defendants' application for leave to appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308) to consider whether 
plaintiff's 
claim for punitive damages for alleged fraud in inducing an attorney-client relationship is barred by section 2-1115 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1115 (West 2004)).  We find that it is.

Facts 

The third amended complaint filed by 
plaintiff
 Judith Kennedy, administrator of the estate of Edith Nesmon, consists of four counts.  Count I alleges that defendant Leanna Karnopp Grimsley (hereinafter "defendant") committed legal malpractice by failing to file a medical malpractice lawsuit prior to the expiration of the statute of limitations.  Count II alleges that defendant was an employee of the law firm of Grimsley & Grimsley, P.C., (hereinafter "law firm") and it asserts liability based on 
respondeat
 
superior
.  Neither of those counts is at issue in this appeal.

Count III of plaintiff's complaint alleges that at the initial meeting with defendant on January 18, 2000, 
plaintiff
 told defendant that she was seeking an attorney who was skilled in handling medical negligence cases and defendant told 
plaintiff
 that she was "well familiar" with such cases. Defendant also told 
plaintiff
 that she was familiar with the legal principles governing such cases in the State of California.  According to 
plaintiff
, defendant made these statements with the intent to deceive 
plaintiff
 and induce her to enter into an attorney-client relationship. Plaintiff asserts that defendant in fact had no prior experience in medical negligence cases, had no knowledge of California law and was not competent to try a medical negligence case. Plaintiff hired defendant in reliance on her false statements and defendant subsequently failed to file suit prior to the running of the statute of limitations. Plaintiff sought both compensatory and punitive damages.  Count IV re-alleges the same claim against the law firm on the basis of 
respondeat
 
superior
.

Defendant subsequently filed a motion to dismiss counts III and IV on various grounds, which the trial court denied.  However, the court identified the issue of the application of section 2-1115 of the Code as a question of law suitable for immediate appeal under Rule 308, and this appeal followed.  

Analysis

Standard of Review 

The scope of review in an interlocutory appeal under Rule 308 is ordinarily limited to the question certified by the trial court, which is reviewed 
de
 
novo
.  See 
Thompson v. Gordon
, 356 Ill. App. 3d 447, 827 N.E.2d 983 (2005).  In addition, questions of statutory interpretation are subject to 
de
 
novo
 review.  
Schweickert v. AG Services of America, Inc.
, 355 Ill. App. 3d 439, 823 N.E.2d 213 (2005).

Section 2-115 of the Code provides:

"ྷ 2-1115. Punitive damages not recoverable in healing art and legal malpractice cases.  In all cases, whether in tort, contract or otherwise, in which the 
plaintiff
 seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed."  735 ILCS 5/2-1115 (West 2004).

Despite the broad language of section 2-1115 and its seemingly sweeping prohibition against punitive damages in legal malpractice cases, this court has held that section 2-1115 does not apply to complaints alleging common law fraud.  In 
Cripe v. Leiter
, 291 Ill. App. 3d 155, 683 N.E.2d 516 (1997), the 
plaintiff
 alleged that the billing statements of the defendant attorney contained false statements regarding the number of hours spent on certain trust and guardianship matters.  We found that punitive damages were not prohibited because section 2-1115 was "only applicable if the behavior alleged in the complaint amounts to legal malpractice."  
Cripe
, 291 Ill. App. 3d at 158, 683 N.E.2d at 519.  Since fraud and legal malpractice were distinct causes of action, punitive damages were available.  
Cripe
, 291 Ill. App. 3d 155, 683 N.E.2d 516.  The trial court in this case specifically relied on 
Cripe
 in denying defendants' motion to dismiss counts III and IV.

Of course, a 
plaintiff
 cannot avoid the effect of section 2-1115 by simply applying a fraud label to a legal malpractice claim.  Instead, "in determining the applicability of section 2-1115, the court must look to the 'nature of the behavior alleged' in plaintiff's complaint to 'determine whether the activities fell within the term "legal malpractice".'" 
Brush v. Gilsdorf
, 335 Ill App. 3d 356, 360, 783 N.E.2d 77, 80 (2002), quoting 
Safeway Insurance Co. v. Spinak
, 267 Ill. App. 3d 513, 518, 641 N.E.2d 834, 837 (1994).  In 
Brush
 this court held that punitive damages were not available in an action for breach of fiduciary duty brought against a law firm for failure to disclose possible conflicts of interest and for failing to inform 
plaintiff
 of settlement offers.  "[B]ecause injury was suffered by reason of the attorneys' professional conduct during the course of legal representation, the gravamen of the claim is legal malpractice, regardless of which theory or claim has been pled."  
Brush
, 335 Ill. App. 3d at 361, 783 N.E.2d at 80-81.  

Similarly in this case, we believe that the gravamen of 
plaintiff's
 claim is one for legal malpractice, not fraud.  

The nature of the behavior alleged concerns defendant's actions and statements in the creation of the attorney-client relationship, the necessary predicate to any malpractice action.  
Plaintiff's
 attempt to carve out a separate cause of action is understandable in light of section 2-1115, but it creates an artificial distinction between the formation of the attorney-client relationship and its consequences.  The essence of 
plaintiff's
 claim is that her relationship with defendant caused her harm, due to a lack of skill, knowledge or effort. 
Plaintiff's
 allegations that defendant misled her about that lack of skill or knowledge are so inextricably intertwined with her claims for legal malpractice that they cannot escape the effect of section 2-1115.  Unlike the fraudulent billing at issue in 
Cripe
, which was unrelated to issues of legal skill and ability, 
plaintiff's allegations of 
defendant's
 lack of knowledge and ability are precisely those underlying her malpractice suit.  We find, therefore, that 
plaintiff's
 
claims for punitive damages in counts III and IV of her third amended complaint are barred by section 2-1115 of the Code.  Accordingly, we answer affirmatively the following question certified by the trial court:

"Whether the trial court improperly denied Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Third Amended Complaint, when Section 2-1115 of the Illinois Code of Civil Procedure prohibits actions for punitive damages against attorneys in all cases, whether in tort, contract or otherwise, in which Plaintiff seeks damages by reason of legal malpractice and where Counts III and IV of Plaintiff's Third Amended Complaint seek punitive damages as recovery against attorneys for alleged common law fraud in the inducement of the attorney client relationship[?]"

For the reasons stated above, the certified question is answered in the affirmative, and this cause is remanded for further proceedings.

Certified question answered; cause remanded.   

LYTTON and O'BRIEN, J.J., concur.