## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2018[*]
Decided July 24, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 16-3571

| | |
|---|---|
| TODD FORTIER,<br> *Plaintiff-Appellant*,<br><br>  *v.*<br><br>TERANI LAW FIRM, et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 15 C 1591<br><br>Charles R. Norgle,<br>*Judge*. |

## O R D E R

While Todd Fortier was awaiting trial for burglary in 2011, he was committed to a psychiatric institution. He alleges in this lawsuit—in which he asserts jurisdiction based upon diversity of citizenship—that the attorneys he hired to defend him misrepresented their qualifications and prejudiced his case. After significant motion practice over 18

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

months (a motion for summary judgment, multiple motions to dismiss, and countless motions for sanctions), the defendants first raised in a reply brief a fundamental issue: that the district court might lack subject-matter jurisdiction because Fortier alleged an insufficient amount in controversy. The district judge granted their second motion to dismiss. We agree with the judge that Fortier failed to establish federal subject-matter jurisdiction.

Before he was institutionalized, Fortier was charged in Illinois with four counts of burglary, and he hired a defense attorney. For reasons that Fortier does not explain, however, he sought additional representation from the Terani Law Firm. Appellees represent that the firm no longer exists, but at the time of Fortier's representation it was based in California, though it advertised nationally. Fortier says that an attorney at the firm represented to him that it had a nationwide practice. After Fortier paid the firm a retainer, it contracted with an Illinois-based lawyer to represent Fortier at two competence hearings. Eventually Fortier pleaded guilty, but he later changed his mind and filed a pro se motion to withdraw his guilty plea. The judge denied the motion, and then Fortier filed disciplinary complaints against his lawyers.

Since Fortier filed this suit in February 2015, the litigation has been remarkably hostile and protracted. Fortier's original complaint asserted various state-law claims against the Terani Law Firm and several of the firm's employees or affiliates. The defendants moved for summary judgment without answering the complaint. (They did so based on their erroneous conclusion that the district court's screening order foreclosed a 12(b)(6) motion, FED. R. CIV. P. 12(b)(6).) The judge, taking all of the defendants' factual allegations as true because Fortier did not respond to the motion, nevertheless denied the motion in large part. The judge dismissed a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act with prejudice and allowed the tort claims to go forward against only some defendants.

Days after the summary-judgment ruling, the defendants moved to dismiss the remaining claims on several theories. The court denied that motion as moot because Fortier filed an amended complaint that survived screening. The defendants again moved to dismiss, asserting a variety of defenses. After Fortier responded, the defendants filed a reply brief in which they primarily argued that Fortier's claims were time-barred, but also mentioned for the first time that subject-matter jurisdiction might be lacking because Fortier's claimed damages did not exceed $75,000. Fortier alleged $55,000 in compensatory damages for attorney fees plus $275,000 in punitive damages. The defendants contested the availability of punitive damages. The district court

ordered Fortier to show why the case should not be dismissed for lack of jurisdiction. Instead Fortier filed a "supplemental" complaint and included new claims, including that the defendants and their attorney had engaged in a RICO conspiracy.

The district judge concluded that Fortier had not met the amount-in-controversy requirement nor had he established the domiciles of the individual defendants or the citizenship of the law firm, *see* 28 U.S.C. § 1332(a)(1), and therefore dismissed Fortier's remaining claims without prejudice. The judge explained that Illinois law precludes punitive damages in attorney-malpractice actions, which meant that Fortier could not meet the amount-in-controversy requirement. *Id.* § 1332(b). The judge also determined that there was no federal-question jurisdiction because the new claim invoking RICO was too frivolous to engage the court's jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Fortier appealed the jurisdictional ruling and moved to certify three questions of state law relating to whether he had stated valid claims.

Fortier first argues that the defendants either admitted to jurisdiction or waived their jurisdictional challenge by not raising it earlier, but subject-matter jurisdiction cannot be waived, forfeited, or consented to by the parties. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Next Fortier concedes that he relies on punitive damages to satisfy the jurisdictional minimum but argues that such damages are recoverable. In order to find that the amount-in-controversy requirement is met by a demand for punitive damages, we assess first whether state law allows for their recovery. Then, "[i]f the answer is yes, the court has subject-matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (internal citation and quotation marks omitted).

Fortier loses at the first step because Illinois law bars punitive damages in legal malpractice cases. *See* 735 ILL. COMP. STAT. 5/2-1115 ("In all cases ... in which the plaintiff seeks damages by reason of legal ... malpractice, no punitive ... damages shall be allowed.") The rule applies regardless of how a plaintiff labels his claim. Illinois courts have decided that malpractice includes all claims based on a lawyer's "actions and statements in the creation of the attorney-client relationship." *Kennedy v. Grimsley*, 837 N.E.2d 131, 134 (Ill. App. Ct. 2005) ("Plaintiff's allegations that defendant misled her about that lack of skill or knowledge are so inextricably intertwined with her claims for legal malpractice that they cannot escape the effect of section 2-1115."); *see also Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 784 (7th Cir. 2013).

But Fortier argues that his case is analogous to *Cripe v. Leiter,* a case in which an Illinois appellate court ordered an attorney who had falsified billing records to pay punitive damages. 683 N.E.2d 516, 518 (Ill. App. Ct. 1997). In that case, however, the attorney engaged in fraudulent billing, which the court considered common-law fraud because it did not implicate the attorney's duties to use "skill, prudence, and diligence." *Id.* at 519. Fortier's complaints relate to conversations he had with Terani lawyers and paralegals before and at the time that he signed the retainer agreement, as well as choices made during the representation. These allegations sound in legal malpractice, not common-law fraud, so Fortier cannot meet the amount-in-controversy requirement with punitive damages.

Fortier also argues that the district judge improperly disposed of the new claims he alleged in his proposed "supplemental complaint"—unjust enrichment and intentional infliction of emotional distress. Because Illinois law allows punitive damages for these torts, he contends, his proposed amendment could have saved the jurisdictional defect in his case. (Fortier does not challenge the dismissal of his RICO claim, so we consider that argument waived.) But the district judge correctly determined that Fortier merely assigned new legal theories to grievances about the same conduct.

Last, Fortier asserts that the judge erred in dismissing his claim under the Illinois Consumer Fraud and Deceptive Business Practice Act. Because the court lacked jurisdiction over the case at the time that the complaint was filed, the court should have dismissed each claim, including this one, without prejudice. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("'No jurisdiction' and 'with prejudice' are mutually exclusive."); *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ("If … the case as a whole does not [meet the amount in controversy requirement], then the court must not resolve any aspect of it on the merits.")

The rest of Fortier's arguments, to the extent we can discern them, lack merit. We MODIFY the disposition of the district court to be a dismissal without prejudice and AFFIRM as modified. We DENY Fortier's motion to certify questions of law to the state court.